Dr. Michael MANTIS, Individually and
d/b/a Alcmed and d/b/a Associated
Medical, Appellant,

v.

Howard RESZ d/b/a Imag MRI
Service, Appellee.

No. 2–98–396–CV.

Court of Appeals of Texas,
Fort Worth.

Nov. 4, 1999.

Rehearing Overruled Dec. 9, 1999.

James D. Blume, Jennifer S. Stoddard, R. Mark Karnes, Blume & Stoddard, Dallas, for appellant.

William C. Meier, Law Office of William C. Meier, Bedford, for appellee.

Panel B: LIVINGSTON, BRIGHAM, and HOLMAN, JJ.

## OPINION

WILLIAM BRIGHAM, Justice.

Appellant Dr. Michael Mantas appeals a default judgment granted to Appellee Howard Resz d/b/a Imag MRI Service in Appellee's suit on a sworn account. In three points, Appellant contends that the citation served on him is void because it does not strictly comply with the rules regarding citation, he is entitled to a new trial based on equity, and the evidence is insufficient to support the judgment because no reporter's record was made. We affirm and give our reasons below.

### BACKGROUND

Appellee filed his original petition alleging he provided goods and services as shown on the sworn account attached thereto, and that after all lawful credits, payments, and offsets, the amount owed Appellee is $8,577.50. The defendants in the suit were identified in the petition and on the citation as Dr. Michael Mantis, individually and d/b/a Alcmed and d/b/a Associated Medical. However, Appellant's name is actually spelled Mantas, not Mantis. Appellant was served with the citation and petition at his place of business, but did not answer the lawsuit. On October 7, 1998, a default judgment was entered

against Appellant, and it included the following language: "[T]he cause of action is unliquidated and not proved by an instrument in writing." No record of the default judgment proceeding was made by the court reporter.

On November 5, Appellant filed a motion for new trial as the "intended defendant" in the cause of action. As grounds, he alleged the citation was defective because his name was misspelled, and although Appellant is associated with businesses that have names similar to Alcmed and Associated Medical, he has never owned or operated businesses with those exact names. On November 25, Appellee filed a response and a motion for corrected judgment, asking the trial court to correct the misspelling of Appellant's name on the default judgment. On December 18, the trial court heard argument from counsel for both parties, denied the motion for new trial, and granted the motion for corrected judgment. It signed an order to that effect on December 18, 1998. Appellant filed his notice of appeal on December 29, 1998.

## CITATION VALID?

■ Appellant contends in his first point that the citation served on him is void because it does not strictly comply with all legal requirements. Appellee counters that because there is no issue of mistaken identity, the rule of *idem sonans* should be applied.

■ In any direct attack[1] on a judgment, there is no presumption in favor of

1. A direct attack seeking to correct an erroneous judgment may be made by postjudgment motion, ordinary or restricted appeal, or, if the time for an appeal has expired, by a bill of review proceeding. *See In re Lambert*, 993 S.W.2d 123, 132 n. 4 (Tex.App.—San Antonio 1999, no pet.).

2. Strict compliance in this context means literal compliance with the rules governing issuance, service, and return of citation. *See Amato v. Hernandez*, 981 S.W.2d 947, 949 (Tex. App.—Houston [1 st Dist.] 1998, no pet.).

valid issuance, service, or return of citation. *See Primate Const. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994). To uphold a default judgment on direct attack, the record must reflect strict compliance[2] with the rules of civil procedure governing citation. *See id.; McKanna v. Edgar*, 388 S.W.2d 927, 929–30 (Tex.1965). If strict compliance is not affirmatively shown, service of process is invalid and has no effect. *See Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985). Personal jurisdiction is dependent on citation being issued and served as required by law. *See Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990).

To be valid, a citation shall, among other requirements, show the names of the parties and be directed to the defendant. *See* TEX.R. CIV. P. 99(b)(7),(8). It shall be served by delivering to the defendant a true copy of the citation with a copy of the petition attached, or by some other authorized method. *See* TEX.R. CIV. P. 106(a). In support of his proposition that "[a]n incorrect *or misspelled* name in the citation naming the parties is defective on its face and [is] not in strict compliance with the [rules]," Appellant cites *Medeles v. Nunez*, 923 S.W.2d 659, 662–63 (Tex. App.—Houston [1 st Dist.] 1996, writ denied), *rev'd on other grounds, Barker CATV Const. v. Ampro, Inc.*, 989 S.W.2d 789, 792–93 (Tex.App.—Houston [1 st Dist.] 1999, no pet.) (emphasis added).

However, the word "misspelled" appears nowhere in that opinion.[3] *See id.* at 660–63. Furthermore, in *Medeles*, the citation was held to be void because it contained

3. Headnote 9 states that: "[c]itation was defective on its face and not directed to defendant in strict compliance with rules of civil procedure and, thus, citation was void and service was ineffective; names of both plaintiff and defendant were *misspelled*, cause number did not appear on citation, and citation was directed to 'the sheriff or any constable of Texas or other authorized person' as well as to defendant." *See id.* at 659 n. 9 (emphasis added). It should go without saying that headnotes are not part of an opinion.

mistakes and did not strictly comply with several requirements of rule 99. *See id.* at 662. It named the plaintiff Numez instead of Nunez, and the defendant Mendeles instead of Medeles. *See id.* Also, the cause number did not appear on the citation. *See id.*

■ When an intended defendant is sued under an incorrect name, jurisdiction is proper after service on the defendant under the misnomer if it is clear that no one was misled or placed at a disadvantage by the error. *See Orange Grove Indep. Sch. Dist. v. Rivera,* 679 S.W.2d 482, 483 (Tex.1984); *Ealey v. Insurance Co. of N.A.,* 660 S.W.2d 50, 52 (Tex.1983); *Baker v. Charles,* 746 S.W.2d 854, 855 (Tex. App.—Corpus Christi 1988, no writ); *Cockrell v. Estevez,* 737 S.W.2d 138, 140 (Tex.App.—San Antonio 1987, no writ).

In this case, a demand letter was sent both by certified mail, return receipt requested, and regular mail to Dr. Michael Mantis at 7900 Carpenter Freeway in Dallas. Itemized invoices were enclosed. A copy of the return receipt indicates that on June 19, 1998, such letter was received by Laurie Hamilton at that address. The officer's return on the citation indicates that Dr. Michael Mantis was served at 7900 Carpenter Freeway on August 21, 1998. Appellant concedes that he is the intended defendant and that he was served with the citation.

■ Appellant also contends that as a result of the misidentification, he did not believe he had to respond to the suit. There is a distinction between a misnomer and a misidentification. *See Enserch Corp. v. Parker,* 794 S.W.2d 2, 4 (Tex. 1990). If the plaintiff misnames the correct defendant, a misnomer has occurred;

a misidentification occurs when plaintiff is mistaken as to which of two defendants is the correct one and there is actually existing a person or corporation with the name of the erroneously named defendant.[4] *See id.* Appellant neither alleges misidentification in his motion for new trial, nor does he indicate that there is actually a defendant existing by the name Dr. Michael Mantis.

■ Appellant further attempts to persuade this court that *idem sonans*[5] cannot exist where strict compliance is necessary for citation to be valid in the default judgment context. We disagree. Where, as here, the defendant is merely misnamed and not misidentified, the intended defendant is served, and there is no showing that any person was misled or placed at some disadvantage, we see no reason why the doctrine of *idem sonans* cannot be applied. We hold that it does apply and overrule point one.

### NEW TRIAL

■ In his third point, Appellant contends the trial court erred by failing to grant him a new trial. Because there are no findings of fact or conclusions of law, we presume the trial court made the findings necessary to support its order if there is sufficient evidence to support such findings. *See Butler v. Dal Tex Mach. & Tool Co.,* 627 S.W.2d 258, 259 (Tex.App.—Fort Worth 1982, no writ). The trial court's decision to deny a timely filed motion for new trial will be overturned only upon a showing of an abuse of discretion. *See id.*

■ We start with the familiar *Craddock* rule:

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defen-

---

4. In the context of the statute of limitations, a mere misnomer results in the tolling of the statute and a subsequent amendment of the petition relates back to the date of the original petition, whereas a misidentification means the plaintiff has sued the wrong party and limitations is not tolled. *See id* at 390–391.

5. *Idem sonans* is the rule of law that a variant spelling of a name in a document will not render the document void if the misspelling is pronounced in the same way as the true spelling. Literally, it means "having the same sound." A DICTIONARY OF MODERN LEGAL USAGE 273 (Oxford ed.1990).

dant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939).

Here, Appellant does not get past first base. He was duly served with a citation that was issued and served as required by law. Appellant was the intended· defendant and was actually served; his name was merely misspelled. He has not shown that any person was misled or disadvantaged. Thus, we hold that the trial court could have properly determined that Appellant did not meet his burden of clearly demonstrating that he was free of negligence or conscious indifference. We find no abuse of discretion and overrule point three.

### Sworn Account or Unliquidated?

█ In his second point, Appellant says that there is insufficient evidence to support the default judgment because no reporter's record was made.

Rule 243 requires that if the cause of action is unliquidated or is not proved by an instrument in writing, the court shall hear evidence as to damages. *See* Tex.R. Civ. P. 243. But if the claim is liquidated and proved by a written instrument, upon default, the damages shall be assessed by the court and final judgment rendered in that amount unless the defendant demands a jury. *See* Tex.R. Civ. P. 241.

█ A claim is liquidated if the amount of damages may be accurately calculated by the trial court from the factual as opposed to the conclusory allegations in plaintiff's petition and the instrument in writing. *See Abcon Paving, Inc. v. Crissup,* 820 S.W.2d 951, 953 (Tex.App.—Fort Worth 1991, no writ).

On the day of the default judgment, the trial court had before it the following:

(1) An original petition on sworn account, verified by Appellee, alleging that Appellee performed services and furnished goods for Appellant at Appellant's request; that Appellee maintained systematic records of all charges, credits, payments and offsets; that such statements of account and written demand have been furnished to Appellant; and that after all just and lawful credits, payments, and offsets, the amount owed to Appellee by Appellant is $8,577.50 as shown on the sworn account attached as an exhibit;

(2) A verification of sworn account by affidavit signed by Appellee and copies of itemized invoices and written demand to Appellant attached;

(3) The citation, which was filed September 23, 1998;

(4) An affidavit by Appellee's attorney containing an itemized accounting of attorney's fees and expenses incurred to date; and

(5) A certificate of last known address of Appellant and a nonmilitary affidavit.

We hold that the claim upon which the default judgment was based is liquidated and proved by written instruments and that the evidence is sufficient to support the judgment. Furthermore, no reporter's record was necessary. Point two is overruled. We modify the trial court's default judgment in accordance with this holding[6] and affirm the same as modified. *See* Tex.R.App. P. 43.2(b).

### Conclusion

Having overruled all of Appellant's points, we affirm the default judgment as modified.

---

6. Specifically, the statement on page 2 of the judgment "that the cause of action is unliqui- dated and not proved by an instrument in writing" is deleted.