Bruce SHELDON, Appellant,

v.

EMERGENCY MEDICINE CONSUL-
TANTS, I, P.A., f/k/a Emergency Medi-
cine Consultants, P.A., Appellee.

No. 2–00–131–CV.

Court of Appeals of Texas,
Fort Worth.

April 5, 2001.

Rehearing Overruled May 10, 2001.

Law Office of David R. Weiner, David
R. Weiner, The Girards Law Firm, James
E. Girards, Dallas, for Appellant.

Cantey & Hanger, L.L.P., J. Frank Kinsel, Jr., Evelyn R. Leopold, Fort Worth, for Appellee.

PANEL B: LIVINGSTON and HOLMAN, JJ.; and RICHARDS, J. (Sitting by Assignment).

## OPINION

LIVINGSTON, Justice.

### INTRODUCTION

Appellant Bruce Sheldon sued several parties, including appellee, Emergency Medicine Consultants, I, P.A., for injuries resulting from medical treatment. The trial court granted appellee's motion for summary judgment. Appellant appeals the summary judgment. We reverse and remand the trial court's judgment.

### BACKGROUND

In his first amended original petition, appellant sued "Emergency Medicine Consultants" (EMC). Appellant served the petition on EMC on October 28, 1998. EMC originally answered with a general denial, but later filed its first amended answer denying its capacity to be sued because it never existed and that this created a defect in parties. Through discovery, EMC disclosed that "Emergency Medicine Consultants" was not the actual name of the legal entity; that "Emergency Medicine Consultants, I, P.A." (EMCIPA) f/k/a Emergency Medicine Consultants, P.A. was its correct name.[1] On the same day it filed its amended answer, May 14, 1999, EMC also moved for summary judgment claiming that it was not a proper

party to the lawsuit. On May 19, 1999, appellant filed his third amended original petition, correctly naming his intended defendant, EMCIPA. Later that day, EMCIPA moved for summary judgment arguing that the statute of limitations barred appellant's claim because it had expired on May 4, 1999. The trial court granted EMCIPA's motion for summary judgment without stating the grounds for granting it.

### DISCUSSION

Appellant raises two issues on appeal contending the trial court erred in granting EMCIPA's motion for summary judgment. Appellant argues that because he corrected the misnomer of EMCIPA in a subsequent petition before the entry of the judgment, the statute of limitations does not bar his claim against EMCIPA. Alternatively, appellant argues that he timely filed his claim because he sued appellee under its common name within the statute of limitations. *See* TEX.R.CIV.P. 28.

Appellee argues that section 10.01 of the medical liability act that creates a two-year statute of limitations for filing a medical liability claim, notwithstanding "any other law," prohibits a misnomer from extending or tolling the two-year statute. TEX.REV. CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.2001).

Under the theory of misnomer, when an intended defendant is sued under an incorrect name, the court acquires jurisdiction after service with the misnomer if it is clear that no one was misled or placed at a disadvantage by the error. *Mantis v. Resz*, 5 S.W.3d 388, 391 (Tex.App.—Fort Worth 1999, pet. denied);[2] *see also*

---

1. In the same discovery response, appellee explained that it was formerly called "Emergency Medicine Consultants, P.A." as opposed to "Emergency Medicine Consultants," but changed its name to "Emergency Medicine Consultants, I, P.A." on November 25, 1997.

2. In *Mantis*, we applied the theory of misnomer and *idem sonans* to uphold service on "Mantas" who had been served with a citation and petition with the spelling "Mantis." We held that "misidentification" did not apply because the intended defendant had been

*Orange Grove Indep. Sch. Dist. v. Rivera,* 679 S.W.2d 482, 483 (Tex.1984); *Ealey v. Ins. Co. of N. Am.,* 660 S.W.2d 50, 52 (Tex.1983); *Baker v. Charles,* 746 S.W.2d 854, 855 (Tex.App.—Corpus Christi 1988, no writ); *Cockrell v. Estevez,* 737 S.W.2d 138, 140 (Tex.App.—San Antonio 1987, no writ). The theory of "misnomer" is therefore not "any other law" that extends or tolls limitations in contravention of section 10.01's prohibition. Instead, misnomer treats a misnamed party as a properly sued party relating back to the time of the filing of the suit with the misnomer. *Cf. Chilkewitz v. Hyson,* 22 S.W.3d 825, 830 (Tex.1999) (holding rule 28, which allows for service on a defendant under its common name, is not a tolling provision in contravention of section 10.01). The plaintiff must correct the misnomer before entry of judgment. *See Bailey v. Vanscot Concrete Co.,* 894 S.W.2d 757, 760–61 (Tex. 1995).

 Here, appellant filed his third amended original petition correcting the misnomer prior to the entry of judgment, although after the running of limitations. EMCIPA presented no evidence that it was misled as to who appellant intended to sue or that it was placed at a disadvantage by the misnomer. Because the petition correctly naming EMCIPA relates back to the date of filing of the first amended original petition, the statute of limitations did not bar appellant's claim. *See Astro Sign Co.,* 518 S.W.2d at 425. We sustain his first issue.

Because we sustain appellant's first issue, we need not address his second issue to dispose of the case.

## CONCLUSION

Having sustained appellant's first issue, we reverse the trial court's judgment and remand this case to the trial court for further proceedings.

---

served first under an incorrect spelling of his name. *Mantis,* 5 S.W.3d at 391. In a footnote, we stated that a misnomer relates back to the date of the original petition or tolls the statute of limitations. *Id.* at 391 n. 4. Although dicta only, to the extent we held that the theory of misnomer tolls the statute of limitations, we overrule that portion of footnote four. Misnomer occurs when a plaintiff misnames a correct defendant, the intended defendant is served, and there is no showing that any person was misled or placed at some disadvantage. *Id.* at 391. When misnomer occurs the corrected petition relates back to the date of the filing of the original petition. *Astro Sign Co. v. Sullivan,* 518 S.W.2d 420, 425 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.).