COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-276-CV
 
WAL-MART STORES, INC.       
           
           
           
           
      
     APPELLANT
V.
DIANE KELLEY        
           
           
           
           
           
           
        APPELLEE
------------
FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
------------
OPINION
------------
Appellant Wal-Mart Stores, Inc. appeals
from the default judgment entered against it in favor of appellee Diane Kelley
in connection with her workers' compensation case. We affirm.
In appellant's first issue it challenges
the trial court's failure to grant its motion for new trial. We review a trial
court's decision to grant or deny a motion for new trial under an abuse of
discretion standard. Dir., State Employees Workers' Comp. Div. v. Evans,
889 S.W.2d 266, 268 (Tex. 1994); Mantis v. Resz, 5 S.W.3d 388, 391
(Tex. App.--Fort Worth 1999, pet. denied), overruled in part on other
grounds, Sheldon v. Emergency Med. Consultants, I,P.A., 43 S.W.3d 701, 702
n.2 (Tex. App.--Fort Worth 2001, no pet.). To overturn a default judgment a
movant must show it met the three Craddock elements:
[1] the failure of the defendant to answer
before judgment was not intentional, or the result of conscious indifference on
his part, but was due to a mistake or an accident; [2] . . . the motion for a
new trial sets up a meritorious defense and [3] [the motion] is filed at a time
when the granting thereof will occasion no delay or otherwise work an injury to
the plaintiff.
Craddock v. Sunshine Bus Lines, Inc.,
134 Tex. 388, 133 S.W.2d 124, 126 (1939); Sharpe v. Kilcoyne, 962
S.W.2d 697, 701 (Tex. App.--Fort Worth 1998, no pet.). While appellant is not
required to prove its meritorious defense, it must produce some evidence, that
if true, would support its meritorious defense. Ivey v. Carrell, 407
S.W.2d 212, 214 (Tex. 1966). Appellant submitted no evidence of its defense at
the hearing on its motion for new trial, and neither of the affidavits attached
to its motion showed it had a meritorious defense. See Evans, 889
S.W.2d at 270. "The motion must allege [f]acts which in law would
constitute a defense to the cause of action asserted by the plaintiff, and must
be supported by affidavits or other evidence proving prima facie that the
defendant has such meritorious defense." Ivey, 407 S.W.2d at 214.
Thus, we conclude there was no showing of a meritorious defense.
The dissent disagrees but fails to follow
the case it cites, Evans. 889 S.W.2d at 266. Evans clearly
sets forth the sole exception to offering competent evidence to support the
movant's Craddock motion for new trial: affidavits attached to
the motion are sufficient, not required. Id. at 268. Thus, the movant
must either submit competent evidence to support the Craddock elements OR
attach affidavits to its motion. Here, appellant did neither yet the
dissent is willing to rely on appellant's vague reference to the commission
decision as support of its meritorious defense. Appellant never offered an
authenticated copy of the decision or the commission file and never asked the
court to take judicial notice of it. See Tex. R. Evid. 201, 902. Thus,
neither was before the court. Additionally, even if the commission decision was
before the trial court, at most it would be only proof of the commission's
decision, not of its correctness.(1)
Likewise, the dissent's reliance on ESIS
is misplaced. ESIS, Inc. Servicing Contractor v. Johnson, 908 S.W.2d
554 (Tex. App.--Fort Worth 1995, writ denied). ESIS only holds that a
commission opinion is admissible because it is a part of the commission record,
which is admissible by statute. Id. at 560; see also Tex. Lab.
Code Ann. § 410.306(b) (Vernon 1996). ESIS does not hold that one does
not have to even offer it into evidence. It simply holds it is admissible if
offered.(2) ESIS, 908 S.W.2d at 560; see
also Tex. R. Evid. 902, 1005 (authentication requirements).
Next, the dissent claims that because rule
320 contains no requirement that documentary evidence be attached to the motion
for new trial, that the majority has created new requirements of its own. Tex.
R. Civ. P. 320. The dissent misreads the majority opinion. We do not say
documentary evidence has to be attached to the motion for new trial; we simply
acknowledge that that is the only recognized alternative when a movant offers no
evidence of its meritorious defense at the hearing on the motion for new trial.
We are mindful of rule 320's silence on this issue but also acknowledge Craddock's
clear application to appellant's motion for new trial. It is Craddock,
not rule 320, that requires the movant to come forward and offer into evidence
the facts that show it has met Craddock's three-part test to justify a
new trial. See Craddock, 133 S.W.2d at 125-26. Even appellant
acknowledges this. Further, we note that this argument, made by the dissent, was
not even raised by the appellant at the hearing on the motion for new trial or
here. See Tex. R. App. P. 33.1(a); Pat Baker Co. v. Wilson,
971 S.W.2d 447, 450 (Tex. 1998) ("It is axiomatic that an appellate court
cannot reverse a trial court's judgment absent properly assigned error.").
Therefore, we conclude the trial court did not abuse its discretion in denying
appellant's motion for new trial. Appellant's first issue is overruled.
In appellant's second issue it contends
the trial court committed harmful error by failing to issue findings of fact and
conclusions of law upon appellant's request and notice that they were past due. See
Tex. R. Civ. P. 296, 297. However, appellant failed to timely file its request
for findings of fact and conclusions of law, so we may presume the record
supports the trial court's judgment unless challenged by appellant. See
Pharo v. Chambers County, 922 S.W.2d 945, 948 (Tex. 1996). Generally, the
failure of the trial court to file timely requested findings and conclusions is
presumed harmful unless the record affirmatively shows that the complaining
party suffered no injury. Cherne Indus., Inc. v. Magallanes, 763 S.W.2d
768, 772 (Tex. 1989); see also Tex. R. Civ. P. 297. However, because
appellant failed to timely file its request, it has waived its complaint
regarding the court's failure to issue findings of fact and conclusions of law. See
Am. Realty Trust, Inc. v. JDN Real Estate-McKinney, L.P., 74 S.W.3d 527,
530 (Tex. App.--Dallas 2002, pet. denied). Further, because the record
affirmatively shows that appellant failed to present a meritorious defense, it
could show no harm. We overrule appellant's second issue.
Having overruled appellant's issues on
appeal, we affirm the trial court's judgment.
 
           
           
           
           
           
           
TERRIE LIVINGSTON
               
           
           
           
           
        JUSTICE
 
PANEL A: CAYCE, C.J.; LIVINGSTON and
DAUPHINOT, JJ.
               
CAYCE, C.J. filed a dissenting opinion.
[DELIVERED MARCH 20, 2003]

 
COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-276-CV
 
WAL-MART STORES, INC.        
           
           
           
           
           
    APPELLANT
V.
DIANE KELLEY        
           
           
           
           
           
           
           
    APPELLEE
------------
FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
------------
DISSENTING OPINION
------------
I dissent because I believe Wal-Mart
Stores "set up" a meritorious defense to Kelley's workers'
compensation claim. See Craddock v. Sunshine Bus Lines, Inc., 134 Tex.
388, 133 S.W.2d 124, 126 (1939).
A meritorious defense is one that, if
proven, would cause a different result in retrial of the case. Holliday v.
Holliday, 72 Tex. 581, 10 S.W. 690, 692 (Tex. 1889). A party is not
required to prove the truth of a meritorious defense before the party is
entitled to a new trial. Dir., State Employees Workers' Comp. Div. v. Evans,
889 S.W.2d 266, 270 (Tex. 1994). The facts in support of the meritorious defense
may be set forth by affidavit or other competent evidence. Guar. Bank v.
Thompson, 632 S.W.2d 338, 339 (Tex. 1982). It is sufficient that the
affidavit or other competent evidence setting forth the meritorious defense be
part of the record; it does not have to be offered into evidence in order to be
considered by the trial court for the meritorious defense element or any other
element of the Craddock test. Evans, 889 S.W.2d at 268.
The Texas Workers' Compensation Commission
found that Kelley did not sustain a compensable injury to her upper back and
neck. Kelley appealed this decision to the county court at law. A copy of the
commission decision was attached to Kelley's original petition. In its motion
for new trial, Wal-Mart alleged as its meritorious defense that the commission
was correct in concluding that Kelley is not entitled to income and medical
benefits for the alleged injury. The commission decision attached to Kelley's
original petition was incorporated by reference in Wal-Mart's motion. At the
hearing on the motion, Wal-Mart's counsel referred the court to the commission
decision and stated that Wal-Mart "intended to use" the decision
"at trial" as evidence to show that Kelley had not sustained a
compensable injury to her neck and back. No objection was made by Kelley's
counsel to Wal-Mart's reliance on the commission decision in support of its
meritorious defense claim.
In ESIS, Inc., Servicing Contractor v.
Johnson, 908 S.W.2d 554 (Tex. App.--Fort Worth 1995, writ denied), this
court held that under the Supreme Court of Texas's decision in Texas
Workers' Compensation Commission v. Garcia, a commission appeals panel
decision is competent and probative evidence that may be considered by the
fact-finder in an appeal of the commission decision to the trial court under
chapter 410 of the Texas Labor Code. ESIS, 908 S.W.2d at 559-61; see
Tex. Workers' Comp. Comm'n v. Garcia, 893 S.W.2d 504, 528 (Tex. 1995).
Thus, the commission decision is competent evidence, which if admitted at trial,
would constitute some evidence to support Wal-Mart's defense that Kelley did not
sustain a compensable injury to her neck and back.(3)
The majority erroneously holds, however,
that the commission decision cannot be relied on by Wal-Mart to set up its
meritorious defense because an authenticated copy of the commission decision was
not attached to the motion for new trial. The rules of civil procedure governing
motions for new trial contain no such hypertechnical requirements. Rule 320
states that a motion for new trial must "be in writing and signed by the
party or his attorney." Tex. R. Civ. P. 320. The motion must also state the
complaint in such a way that it "can be clearly identified and understood
by the court." Tex. R. Civ. P. 321. Complaints and objections couched in
general terms "shall not be considered by the court." Tex. R. Civ. P.
322. Nowhere in these rules, Craddock, or cases applying Craddock
is there a mandatory requirement that an affidavit or other competent evidence
offered in support of a motion for new trial must be "attached" to the
motion as a condition for consideration by the trial court.(4)
Nor is there any requirement that an
affidavit or other competent evidence supporting the meritorious defense element
be authenticated to be considered by the trial court. Authentication is a
"condition precedent to admissibility." Tex. R. Evid. 901(a). Because
it was not necessary that the commission decision be admitted into evidence to
be considered by the trial court for determining whether Wal-Mart had a
meritorious defense, the decision did not need to be in admissible form to be
considered by the trial court for such purpose. See Evans, 889 S.W.2d
at 268.
The historical tendency has been to grant
a new trial in a default judgment case liberally. Miller v. Miller, 903
S.W.2d 45, 47 (Tex. App.--Tyler 1995, no writ). The law prefers that cases be
disposed on their merits whenever possible, rather than by default. Gen.
Elec. Capital Auto Fin. Leasing Servs., Inc. v. Stanfield, 71 S.W.3d 351,
356 (Tex. App.--Tyler 2001, pet. denied). To comport with this preference and
the rules governing motions for new trial, I would hold that because the
commission decision was filed of record with the trial court by Kelley at the
time of the motion for new trial, incorporated by reference in Wal-Mart's
motion, and clearly identified by Wal-Mart as evidence that it would offer at
trial in support of Wal-Mart's defense without objection by Kelley, the
commission decision should have been considered by the trial court in
determining whether Wal-Mart set up a meritorious defense. I would further hold
that this evidence is sufficient to set up a meritorious defense to Kelley's
workers' compensation claim. See ESIS, 908 S.W.2d at 560.
For these reasons, I would reverse the
default judgment and remand the case for trial on the merits.
 
           
           
           
           
           
           
JOHN CAYCE
           
           
           
           
           
           
CHIEF JUSTICE
 
[DELIVERED MARCH 20, 2003]

1. The dissent says because the decision was attached to
appellee's petition it was in the record. This is not enough. Laidlaw Waste
Sys. (Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995)
("Generally, pleadings are not competent evidence, even if sworn or
verified.")
2. Likewise, we have not said the commission decision
cannot be given any weight; only that before it can be given any weight it must
be before the court.
3. The majority agrees that the commission decision is
admissible but apparently does not believe it is entitled to be given any weight
on the issue of whether Kelley sustained a compensable injury. According to the
majority, the decision is "only proof of the commission's decision, not of
its correctness." Majority Op. at 3. This conclusion is in direct conflict
with the supreme court's decision in Garcia and our decision in ESIS.
See Garcia, 893 S.W.2d at 528 (recognizing that jury may accord weight
to commission decision on issue of compensability but is not required to do so);
ESIS, 908 S.W.2d at 560 (rejecting argument that commission decision
should not be admitted because jury may have accorded "special weight"
to it on issue of course and scope).
4. None of the cases cited and relied on by the majority
hold that a meritorious defense is not "set up" for the
purpose of meeting the Craddock test merely because an affidavit or
other evidence supporting the defense is not attached to the motion. See
Evans, 889 S.W.2d at 267. In Evans, affidavits supporting the
other two elements of Craddock were attached to the motion for new
trial and the issue before the court was whether the attached affidavits must be
offered into evidence to be considered by the trial court. Id. The
question of whether the affidavits or other evidence must be attached to the
motion for consideration by the trial court was not addressed.