MARY'S OPINION HEADING 






                                                                                    NO. 12-03-00098-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
PINE TRAIL SHORES OWNERS’                  §                 APPEAL FROM THE 114TH
ASSOCIATION, INC.,
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF


GEORGE AIKEN, ET AL,
APPELLEES                                                      §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
OPINION
            Pine Trail Shores Owners’ Association (the “Association”) appeals from a take-nothing
judgment following a bench trial in its suit on sworn account to collect assessments against forty-six
lot owners in the Pine Trail Shores Subdivision (the “Subdivision”). In six issues, the Association
contends the trial court erred in failing to enter judgment in its favor. We affirm.
 
Procedural and Factual Background
            In 1971 and 1972, Eastern Resorts Property, Inc. established the Subdivision and divided it
into four sections. It filed restrictions in the Deed Records of Smith County, Texas, which included
a provision establishing assessments for lot owners. An owner of one lot was assessed $1.50 per
month. Owners of multiple lots were assessed $1.00 per month per lot, but no owner of multiple lots
was to be assessed more than $4.00 per month. In 1994, Eastern Resorts assigned its rights in these
restrictions to the Association.
            In May 2001, the Association filed suit against 156 lot owners seeking to collect a total of
$70,278.00 in assessments. Eventually, in October 2003, the Association went to trial against forty-six lot owners seeking a total of $25,564.40. After a bench trial, the trial court entered a take-nothing judgment and entered the following findings of fact and conclusions of law:
 
Findings of Fact
              1.           There has been no evidence provided by the Plaintiff as to the date and time that
each Defendant’s cause of action began and the assessment began to accrue.
 
              2.           The Plaintiff has failed to describe those Defendants who made application to the
Association and were accepted into the membership and those Defendants who were
denied membership or those that were expelled from the membership.
 
              3.           The original By-Laws of the Association have not been provided to the Court,
thereby evidencing the authority of the Association, acting alone, to amend the By-Laws and the Subdivision Restrictions filed of record in Smith County, Texas.
 
              4.           The Subdivision Restrictions that are filed of record in the Deed Records of Smith
County, Texas state that an assessment is made of $1.50 per month per lot, the
owner of which owns only one lot, and $1.00 per month per lot in respect to lots of
which 2 or more are owned by the same person, but not to exceed $4.00 per month
as to total of all lots owned by one owner.
 
              5.           No amendments to the Subdivision Restrictions or special assessments have been
shown to the Court to be filed of record in the Deed Records in Smith County,
Texas.


Conclusions of Law
 
              1.           Plaintiff’s account of the Defendant’s assessments is not just and true and does not
specify whether it is an assessment made under the original Subdivision Restrictions
filed of record or an assessment made later under amended By-Laws or special
assessments made by the Board of Directors.
 
              2.           Assessments shall not accrue on all the lots in the Pine Trail Shore’s [sic]
Subdivision and some Defendants’ lots may have not been assessed under the
Subdivision Restrictions.
 
              3.           The Plaintiff has failed to prove that the proper procedure was followed in
amending the original By-Laws and the Subdivision Restrictions filed of record in
Smith County.
 
              4.           The right to assessment on the lots in the Pine Trail Shore’s [sic] Subdivision are
not to exceed $4.00 per month as to the total of all lots owned by one owner in the
Subdivision.
 
              5.           These amendments and special assessments do not constitute proper notice to the
Defendants as covenants running with the land.


The Association timely filed this appeal.
 
Standard of Review
            Findings of fact in a bench trial have the same force and dignity as a jury verdict and are
reviewable for legal and factual sufficiency of the evidence by the same standards as applied in
reviewing a jury’s findings. Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991). 
In reviewing legal sufficiency, we consider only the evidence and inferences supporting the finding. 
Minnesota Mining & Mfg. Co. v. Nishika Ltd., 953 S.W.2d 733, 738 (Tex. 1997). Anything more
than a scintilla of evidence is legally sufficient to support the finding. Continental Coffee Prods.
Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996). More than a scintilla of evidence exists where
the evidence supporting the finding, as a whole, rises to a level that would enable reasonable and
fair-minded people to differ in their conclusions. Merrell-Dow Pharm., Inc. v. Havner, 953 S.W.2d
706, 711 (Tex. 1997). When considering a factual sufficiency challenge, courts of appeals must
consider and weigh all of the evidence, not just that evidence which supports the verdict. Maritime
Overseas Corp. v. Ellis, 971 S.W.2d 402, 407 (Tex. 1998). We can set aside the verdict only if it
is so contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and
unjust. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996).
            The standard of review for conclusions of law is whether they are correct. Dickerson v.
DeBarbieris, 964 S.W.2d 680, 683 (Tex. App.–Houston [14th Dist.] 1998, no pet.). We will uphold
conclusions of law on appeal if the judgment can be sustained on any legal theory the evidence
supports. Material Partnerships, Inc. v. Ventura, 102 S.W.3d 252, 257 (Tex. App.–Houston [14th
Dist.] 2003, pet. denied). Thus, incorrect conclusions of law do not require reversal if the controlling
findings of fact support the judgment under a correct legal theory. Id. 
 
Action on Sworn Account
            In its first issue, the Association contends that the trial court erred by failing to render
judgment on its suit on sworn account. Specifically, the Association asserts that none of the
defendants filed an answer that was sufficient to deny the validity of the account. Therefore, it
concludes, it was entitled to judgment against each of the forty-six lot owners. 
            The lot owners cited by publication were represented by an attorney ad litem. The
Association argues that the answer filed by the attorney ad litem, although verified, was insufficient
because it did not include a challenge to any specific item of the accounts. Instead, the answer
contained only a general allegation that the Association’s pleadings did not state a time period in
which a systematic record had been kept for each of the lot owners and a date on which each lot
owner’s account would have been due and payable. The other lot owners, who appeared pro se, filed
only unverified general denials. 
            A suit on sworn account is based on Rule 185 of the Texas Rules of Civil Procedure. Rule
185 is a rule of procedure and not a rule of substantive law. Northwest Park Homeowners v.
Brundrett, 970 S.W.2d 700, 702 (Tex. App.–Amarillo 1998, pet. denied). Therefore, a suit on 
sworn account cannot be the basis of any cause of action. Id. Rule 185 simply provides a procedure
for the presentation of specific substantive claims enumerated in the rule. Id. For Rule 185 to be
applicable, the claim must be for a liquidated money amount. See Tex. R. Civ. P. 185.
            To establish sufficient evidence to support a prima facie case in a suit on sworn account, the
plaintiff must strictly follow the provisions outlined in the Texas Rules of Civil Procedure. Andrews
v. E. Tex. Med. Ctr.-Athens, 885 S.W.2d 264, 267 (Tex. App.–Tyler 1994, no writ). A claim is
liquidated (under Rule 185) if the amount of damages can be accurately calculated by the trial court
from the factual allegations, as opposed to the conclusory allegations, in the plaintiff’s petition and
the instrument in writing evidencing the account. Mantis v. Resz, 5 S.W.3d 388, 392 (Tex.
App.–Fort Worth 1999, pet. denied). 
            Here, the Association’s petition included a chart listing the total amount of unpaid
assessments that it alleged were due from each of the defendants. However, the petition did not
include an explanation of how the assessments were calculated. For example, it did not state the
beginning date for the calculation of each assessment. Further, it did not identify any assessments
that were based on partial months of ownership. The Association merely alleged that a specific
record of paid and unpaid assessments had been kept and that the amounts in the chart reflected the
amounts owed by each of the defendants based upon the number of lots owned and payments missed. 
These allegations are conclusory. Therefore, the Association’s pleadings did not establish that it had
a liquidated claim against the lot owners because the trial court could not accurately calculate, from
the factual allegations in the petition, the damages against each of the 156 lot owners in the suit on
sworn account. Accordingly, we hold that the Association’s cause of action against the lot owners
did not constitute a claim for a liquidated amount and was therefore not a suit on sworn account as
a matter of law.
            When a plaintiff’s suit on sworn account is not based on a liquidated amount, the pleadings
are neutralized and the plaintiff must prove his case at common law. See Jones v. Ben Maines Air
Conditioning, Inc., 621 S.W.2d 437, 439 (Tex. App.–Texarkana 1981, no writ). If the cause of
action is unliquidated or is not proved by an instrument in writing, the court shall hear evidence as
to damages. See Tex. R. Civ. P. 243; see also Mantis, 5 S.W.3d at 392. The “shall hear evidence”
requirement of Texas Rule of Civil Procedure 243 applies even in a default situation. See Novosad
v. Cunningham, 38 S.W.3d 767, 773 (Tex. App.–Houston [14th Dist.] 2001, no pet.). Because the
Association’s suit on sworn account did not fulfill the requirements of Rule 185, the form of the lot
owners’ answers was inconsequential. The Association therefore had to prove its claims against the
lot owners under Rule 243 by showing when the assessment began to accrue and for how long it
accrued. 
            At trial, the Association called as a witness Joe Poitevent, the records custodian for the
Association. Poitevent testified that all of the conclusory figures presented to the trial court in the
chart placed in evidence were true and correct. However, he failed to explain how the assessments
were calculated. As a result, no facts underlying the conclusory numbers were put in evidence. The
Association therefore failed to meet its burden to establish the amount of the assessments due from
each of the lot owners. The evidence in the record supports the trial court’s finding of fact number
one and conclusion of law number one. These support the court’s take-nothing judgment. The
Association’s issue one is overruled.
 
Authority of Association
            In its third issue, the Association contends that the trial court erred in concluding that it
lacked authority to increase the assessments of the lot owners. In its second issue, it contends that
the defendants failed to raise as an affirmative defense the Association’s lack of authority to increase
assessments. Because these two issues are intertwined, we will consider them together.
            The Association stated that its authority for the assessments rested on the restrictions filed
in 1971 and 1972 in the Smith County Land Records. However, Poitevent testified at trial that under
new bylaws passed in 1987, the board of directors now had authority for raising assessments of lot
owners in the Subdivision. Danny Hudson, a pro se defendant, objected to the introduction of these
bylaws into evidence on the basis that the Association had no authority to pass the amended bylaws.
The trial judge overruled his objection, but implied that she would consider his argument later. The
Association, through Poitevent’s testimony, then showed that it had raised the assessments in 1992
from the amounts stated in the restrictions to $33.00 for the owner of one lot, $42.00 for the owner
of two lots, $57.00 for the owner of three lots, and $72.00 for the owners of four or more lots. 
Poitevent also testified that the board of directors had raised the assessments again in 1996 to $40.00
for one lot and $15.00 for each additional lot.
            The Association contends that it had the authority to do this. However, the trial court made
a finding that because the original bylaws of the Association had not been provided to the court,
there was no evidence in the record to establish the Association’s authority to raise the assessments
above what was imposed by the 1971 and 1972 restrictions filed of record. A homeowners’
association has the powers and authority enumerated in its articles of incorporation, bylaws, and
restrictive covenants. See Candlelight Hills Civic Ass’n v. Goodwin, 763 S.W.2d 474, 478 (Tex.
App.–Houston [14th Dist.] 1988, writ denied). As stated above, the Association had the burden
of proof on the authority issue. There was nothing in the record from which the trial court could find
that the Association had the authority to raise the assessments from the 1971 and 1972 levels.
Accordingly, we hold that the Association failed to prove that it had the authority to raise the lot
owners’ assessments in 1992 and 1996.
            With regard to the Association’s contention that the lot owners failed to properly plead the
Association’s lack of authority as an affirmative defense, we conclude that contention is without
merit. An issue is tried by consent when a party introduces evidence to support an issue that is not
included in the written pleadings and no objection is made to the lack of pleadings. See Tex. R. Civ.
P. 67; see also Duncan Land & Exploration v. Littlepage, 984 S.W.2d 318, 327 (Tex. App.–Fort
Worth 1998, pet. denied) (citing Bell v. Meeks, 725 S.W.2d 179, 179-80 (Tex. 1987)). Affirmative
defenses may be tried by consent even if not properly pleaded. Duncan Land & Exploration, 984
S.W.2d at 327. When a defensive issue is not properly pleaded but is brought before the trial court
by the active assistance of both parties, it will be considered to have been properly raised to the trial
court. Id. In this case, the Association introduced into evidence the amended bylaws under which
it contended it had the authority to raise assessments. Hudson specifically objected to the
Association’s lack of authority. The trial judge overruled Hudson’s objection, but informed him that
she would “consider [his] legal argument as to what effect, if any, what they’re talking about has on
their obligations. We’ll take that up later.” The Association then resumed its presentation of
testimony relating to the amended bylaws. After closing arguments, the trial court requested briefs
on the issue of authority. It was not until that time that the Association informed the trial court that
no defendant had pleaded lack of authority. 
            A party’s unpleaded issue may be deemed tried by consent when evidence on the issue is
developed under circumstances indicating both parties understood the issue was in the case. Frasier
v. Havens, 102 S.W.3d 406, 411 (Tex. App.–Houston [14th Dist.] 2003, no pet.). That occurred
here. The Association’s issues two and three are overruled.
 
Reopening the Case
            In its fourth issue, the Association contends the trial court erred by not allowing it to reopen
the case after the evidence had been closed, closing arguments had been made, and the trial court had
requested briefs on the issue of the Association’s authority to increase each lot owner’s assessments.
Before the trial judge left the bench, the following exchange took place:
 
            [ATTORNEY]:   Your Honor - -
 
              THE COURT:     Yes.
 
              [ATTORNEY]:   - - could I get one clarifying question answered?
 
              THE COURT:     No, but you can ask a question.
 
              [ATTORNEY]:   Okay. The Defense that you just asked us to brief wasn’t raised
by either party.
 
              THE COURT:     This is fundamental law. You’re asking me to enforce these
restrictions.
 
              [ATTORNEY]:   I understand.
 
              THE COURT:     And I’m not going to enforce restrictions unless they’re
enforceable.
 
              [ATTORNEY]:   I understand that, Your Honor.
 
              THE COURT:     Okay.
 
              [ATTORNEY]:   But there may be some additional - - since that wasn’t raised, I
didn’t present evidence on things that might raise the defense of
estoppel in related defenses.
 
              THE COURT:     I’m not doing that. Y’all brief the law. Y’all have put on your
evidence, and I’m going to rule. I’ve indicated to you what I’m
going to rule on. So no more evidence in the case. Submit the
briefs in two weeks. And we’ll stand in recess until then.


            The question of reopening a case for the purpose of admitting additional evidence is clearly
within the sound discretion of the trial judge. Zodiac Corp. v. Gen. Elec. Credit Corp., 566 S.W.2d
341, 346 (Tex. Civ. App.–Tyler 1978, no writ). We should not hold that the trial court abused its
discretion by failing to reopen a case to allow further evidence unless the record clearly shows it. 
See id. Here, the Association stated that the matter the trial court asked the parties to brief had not
been raised by any party. As we have discussed above, the issue of authority to change the
restrictions and therefore increase the lot owners’ assessments was tried by consent, actually first
having been raised by the Association. Further, the Association did not specify to the trial court
exactly what evidence it would present if it were allowed to reopen the case. As a result, we cannot
determine that the trial court abused its discretion. The Association’s issue four is overruled.
 
Remaining Issues
            In its fifth issue, the Association contends that the trial court’s finding of fact regarding
membership of lot owners in the Association was in error. Because we have overruled the first four
issues presented by the Association, it is unnecessary for us to address this issue. See Tex. R. App.
P. 47.1; see also Northwest Park Homeowners, 970 S.W.2d at 704.
            In its sixth issue, the Association contends that the trial court erred in not awarding its
attorney’s fees. In order to be awarded attorney’s fees, the Subdivision must have been the
prevailing party. It was not. See Tex. Prac. & Rem. Code Ann. § 38.001(7), (8) (Vernon 1997). 
The Association’s sixth issue is overruled.
 
Disposition
            Having overruled five of the Association’s issues and having determined that the remaining
issue is not necessary to the disposition of the appeal, we affirm the judgment of the trial court.
 
 
                                                                                                   JAMES T. WORTHEN 
                                                                                                               Chief Justice
 

Opinion delivered February 10, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.























(PUBLISH)