**WESTCLIFFE, INCORPORATED,**
Appellant,

v.

**BEAR CREEK CONSTRUCTION,**
LTD., Appellee.

No. 05–02–00808–CV.

Court of Appeals of Texas,
Dallas.

April 29, 2003.

Bryon L. Romine, Kessler & Collins, PC, Dallas, for appellant.

Brian Thomas Cooper, Canterbury, Stuber, Elder, Gooch & Surratt, Dallas, for appellee.

Before Justices LANG, FARRIS,[1] and ROSENBERG.[2]

## OPINION

Opinion by Justice FARRIS (Retired).

This is a restricted appeal from a no-answer default judgment in favor of Bear Creek Construction, Ltd. (Bear Creek) and against Westcliffe, Incorporated (Westcliffe) in a breach of contract and *quantum meruit* suit. Westcliffe asserts the default judgment must be reversed, in whole or, alternatively, as to the damages awarded, because (1) the evidence is legally and factually insufficient to support the judgment; (2) citation was not properly issued and the return of service is defective; (3) the judgment fails to contain the full names of the parties; and (4) the judgment is not supported by the pleadings. We conclude that the default judgment is not void due to invalid service or the misspelling of Westcliffe's name in the petition and citation and that the pleadings support the judgment. We further conclude that the audio tape of the default judgment hearing constitutes a record of that hearing, the civil master's failure to comply with the rules for making an electronic record and with the rules of appellate procedure was harmless, and the evidence is legally and factually sufficient to support the trial court's award of damages, attorney's fees, and statutory interest. We affirm the trial court's judgment.

## PROCEDURAL AND FACTUAL BACKGROUND

Bear Creek performed work for Westcliffe on several sites in Coppell, Texas. On December 10, 2001, Bear Creek filed suit against Westcliffe, contending Westcliffe failed to pay Bear Creek for the work performed and that Bear Creek was entitled to recover from Westcliffe based on breach of contract and *quantum meruit*. Westcliffe did not file an answer. On February 25, 2002, the civil court master heard Bear Creek's request for a default judgment and made an electronic recording of the hearing. The master recommended Bear Creek be granted a default judgment, and on February 28, 2002, the trial court entered a default judgment against Westcliffe, awarding Bear Creek $18,810 plus attorney's fees and interest. On May 17, 2002, Westcliffe filed a notice of restricted appeal. *See* TEX.R.APP. P. 30.

## STANDARD OF REVIEW

■ A restricted appeal (1) must be brought within six months of the date of judgment; (2) by a party to the suit who did not participate in the trial; and (3) the error complained of must be apparent from the face of the record. TEX.R.APP. P. 26.1(c), 30; *Norman Communications v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997) (per curiam); *Sutton v. Hisaw & Assocs. Gen. Contractors, Inc.*, 65 S.W.3d 281, 284 (Tex.App.-Dallas 2001, pet. denied). The only issue in this appeal is whether there is error apparent on the face of the record. The face of the record consists of all papers on file in the appeal, including the reporter's record. *Norman Communications*, 955 S.W.2d at 270.

---

1. The Honorable David F. Farris, Retired Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

2. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

## SERVICE OF PROCESS

In its second issue, Westcliffe asserts that (1) defects in the service and return of citation; (2) discrepancies in the name of the defendant in the petition and the judgment; and (3) alterations to the citation constitute error on the face of the record and render the default judgment void.

■■■ There are no presumptions in favor of proper issuance, service, and return of citation. *Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994) (per curiam); *Benefit Planners, L.L.P. v. Ren-Care, Ltd.,* 81 S.W.3d 855, 858 (Tex.App.-San Antonio 2002, pet. denied). If the record fails to affirmatively show strict compliance with the rules of civil procedure governing service of citation, the attempted service of process is invalid and of no effect. *Uvalde Country Club v. Martin Linen Supply Co., Inc.,* 690 S.W.2d 884, 885 (Tex.1985) (per curiam); *Benefit Planners, L.L.P.,* 81 S.W.3d at 858. When the attempted service of process is invalid, the trial court acquires no personal jurisdiction over the defendant, and the default judgment is void. *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex.1990); *Union Pac. Corp. v. Legg,* 49 S.W.3d 72, 79 (Tex.App.-Austin 2001, no pet.). If proper service is not affirmatively shown, there is error on the face of the record. *Primate Constr., Inc.,* 884 S.W.2d at 153.

■■■ However, strict compliance does not require "obeisance to the minutest detail." *Herbert v. Greater Gulf Coast Enters., Inc.,* 915 S.W.2d 866, 871 (Tex.App.-Houston [1st Dist.] 1995, no writ); *see Ortiz v. Avante Villa at Corpus Christi, Inc.,* 926 S.W.2d 608, 613 (Tex.App.-Corpus Christi 1996, writ denied). "Errors such as mistaken capitalization in the defendant's name and spelling errors too minor to raise any doubt that the correct person was served are insufficient to invalidate service." *Ortiz,* 926 S.W.2d at 613.

### A. Citation and Return of Service

■■■ Westcliffe first contends the return is defective because its registered agent listed in the petition and on the citation was "Charles D. Johnson," but the return reflects service was on "Westcliff, Inc., by delivering to Charles Johnson, reg. agent." The return of service is prima facie evidence of the facts asserted therein. *Primate Constr., Inc.,* 884 S.W.2d at 152; *Dolly v. Aethos Communications Sys., Inc.,* 10 S.W.3d 384, 388 (Tex.App.-Dallas 2000, no pet.). Accordingly, the petition, citation, and return establish Westcliffe was served with Bear Creek's petition through Westcliffe's registered agent. The omission of the initial "D" from the return does not invalidate this service. *See Ortiz,* 926 S.W.2d at 612 (omission of accent symbol, substitution of symbol "@" for "at," and omission of "Inc." did not invalidate service); *Stephenson v. Corp. Servs., Inc.,* 650 S.W.2d 181, 184 (Tex. App.-Tyler 1983, writ ref'd n.r.e.) (service not defective even though citation was directed to Jim Stephenson, president, and return reflected service on James Stephenson, president); *Helfman Motors, Inc. v. Stockman,* 616 S.W.2d 394, 396 (Tex.Civ. App.-Fort Worth 1981, writ ref'd n.r.e.).

### B. Names of Party

■■■ Westcliffe next argues the petition and citation name the defendant as "Westcliff, Incorporated" while the judgment was entered against "Westcliffe, Incorporated." A default judgment is not rendered void when a defendant is served under the wrong name but is not misled or placed at a disadvantage by the pleadings and citation. *Orange Grove Indep. Sch. Dist. v. Rivera,* 679 S.W.2d 482, 483 (Tex. 1984); *Aavid Thermal Techs. v. Irving Indep. Sch. Dist.,* 68 S.W.3d 707, 710 (Tex. App.-Dallas 2001, no pet.); *Mantis v. Resz,*

5 S.W.3d 388, 391 (Tex.App.-Fort Worth 1999, pet. denied), *overruled on other grounds by Sheldon v. Emergency Med. Consultants I, P.A.*, 43 S.W.3d 701, 702 n. 2 (Tex.App.-Fort Worth 2001, no pet.). The citation gave Westcliffe sufficient notice that it was being sued by Bear Creek for work allegedly performed by Bear Creek for Westcliffe and that Westcliffe's failing to answer could result in default judgment. Therefore, the omission of the letter "e" from Westcliffe's name in the original petition and the citation did not render the default judgment void.

### C. Alteration to Citation

 Westcliffe finally argues the address on the face of the citation was altered without court authorization from "Medway" to "Midway." The process server was authorized to serve citation on Westcliffe wherever Westcliffe could be found. *Garcia v. Gutierrez*, 697 S.W.2d 758, 760 (Tex.App.-Corpus Christi 1985, no writ). Accordingly, the correction of a typographical error in the address where Westcliffe could be found and served did not invalidate service.

There is no error apparent on the face of the record in the service and return of citation on Westcliffe. We overrule Westcliffe's second issue.

### NAME IN JUDGMENT

 In its third issue, Westcliffe contends the judgment is defective because it does not contain the full names of the parties as stated in the pleadings. Westcliffe specifically complains judgment was entered against "Westcliffe, Incorporated" while the petition named "Westcliff, Incorporated" as the defendant. However, where, as here, the doctrine of *idem sonans* applies, the misspelling of the defendant's name does not require reversal of a default judgment. *Cockrell v.*

*Estevez*, 737 S.W.2d 138, 140 (Tex.App. San Antonio 1987, no writ); *see Mantis*, 5 S.W.3d at 391; *Chumney v. Craig*, 805 S.W.2d 864, 866 (Tex.App.-Waco 1991, writ denied) ("Under the rule of *idem sonans*, if a name, as spelled in a legal document, though different from the correct spelling thereof, conveys to the ear, when pronounced according to the commonly accepted method, a sound practically identical to the correct name as commonly pronounced, then the name thus given is a sufficient identification of the individual referred to, and no advantage can be taken of the clerical error."). The misspelling in the petition and citation did not render the default judgment void. *Cockrell*, 737 S.W.2d at 140. We overrule Westcliffe's third issue.

### SUFFICIENCY OF ALLEGATIONS

 In its fourth issue, Westcliffe argues the allegations in Bear Creek's pleadings are insufficient to support the default judgment. A petition will support a default judgment unless (1) the cause of action pleaded is not within the jurisdiction of the court; (2) the petition fails to give fair notice of the claims being asserted; or (3) the petition shows the claim is invalid. *Paramount Pipe & Supply Co., Inc. v. Muhr*, 749 S.W.2d 491, 494 (Tex.1988); *Konkel v. Otwell*, 65 S.W.3d 183, 188 (Tex. App.-Eastland 2001, no pet.). Westcliffe contends the allegations in Bear Creek's petition are conclusory and fail to state all the essential elements of the claims. We will review this as a claim the petition fails to give Westcliffe fair notice of Bear Creek's claims.

 Texas Rule of Civil Procedure 45 requires a plaintiff to use "plain and concise language" in asserting a cause of action. However, the fact "an allegation be evidentiary or be of legal conclusion" is not grounds for objection "when fair notice

to the opponent is given by the allegations as a whole." TEX.R. CIV. P. 45(b); *see Muhr*, 749 S.W.2d at 494. Fair notice is required to ensure the opposing party has sufficient information to enable it to prepare a defense. *Muhr*, 749 S.W.2d at 494. A petition is sufficient if a cause of action may reasonably be inferred from what is specifically stated in the petition, even if an element of the action is not specifically alleged. *Wal–Mart Stores, Inc. v. Itz*, 21 S.W.3d 456, 470–71 (Tex.App.-Austin 2000, pet. denied); *Spiers v. Maples*, 970 S.W.2d 166, 169 (Tex.App.-Fort Worth 1998, no pet.).

We conclude Bear Creek's petition provides fair notice to Westcliffe that Bear Creek is asserting claims for breach of contract and *quantum meruit* and seeking recovery of $18,810 plus attorney's fees and statutory interest based on Westcliffe's alleged failure to pay Bear Creek for work performed by Bear Creek for Westcliffe. *See Muhr*, 749 S.W.2d at 495. We overrule Westcliffe's fourth issue.

### SUFFICIENCY OF THE EVIDENCE

 In its first issue, Westcliffe contends the evidence is legally and factually insufficient to support the default judgment because (1) there is no reporter's record to support the judgment; (2) the electronic recording of the default judgment hearing does not constitute a reporter's record; and (3) even if the recording is considered, there is insufficient evidence of Bear Creek's damages and attorney's fees or of Bear Creek's right to recover statutory interest. In reviewing the legal sufficiency of the evidence, we look to see whether any evidence supports the judgment. *Casino Magic Corp. v. King*, 43 S.W.3d 14, 19 (Tex.App.-Dallas 2001, pet. denied). If there is more than a scintilla of evidence, we uphold the judgment. *Id.* When reviewing a challenge to the factual

sufficiency of the evidence, we consider all the evidence presented at trial. *Sutton*, 65 S.W.3d at 284–85. We may only set aside a finding for factual insufficiency if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* at 285.

### A. Existence of a Record

We must first determine whether the audio tape recording of the default judgment hearing taken by the master constitutes a sufficient record. The record includes a transcription of the audio tape certified by the "court-approved transcriber." Attached to the transcript is the affidavit of the master verifying he recorded the hearing and that he prepared the log that is attached to the affidavit. Also attached to the master's affidavit is the audio tape.

 Because we questioned whether the audio tape recording constitutes a record of the default judgment hearing, we abated this case and ordered the trial court, after notice and hearing, to make findings regarding (1) whether the audio tape and the transcript of the tape were accurate and complete and (2) whether the master was the official court recorder. After holding a hearing, the trial court found the master had been designated as the official court recorder. Because we do not have a complete reporter's record of the hearing regarding the accuracy and completeness of the record and the trial court's finding that the master had been designated as the official court recorder has not been challenged, we are bound by this determination. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex.1986); *Toles v. Toles*, 45 S.W.3d 252, 265 n. 6 (Tex.App.-Dallas 2001, pet. denied).

 Westcliffe argues the audio tape recording does not constitute a record of the hearing because the master failed to

comply with the supreme court's rules for making an electronic recording and with the rules of appellate procedure. *See* RULES GOVERNING THE PROCEDURE FOR MAKING A RECORD OF COURT PROCEEDINGS BY ELECTRONIC RECORDING, reprinted in TEXAS RULES OF COURT–STATE 365–66 (West 2002); TEX.R.APP. P. 13.1, 13.2. The trial court found the master failed to comply with the applicable rules by not including all required information on the master's log.[3] Further, there was no evidence regarding whether the master fulfilled the requirement that he file the original and a typewritten log with the district clerk. The master's failure to comply with the appellate rules and the supreme court's rules for making an electronic record was error. *See Palmer v. Espey Huston & Assocs., Inc.*, 84 S.W.3d 345, 350–51 (Tex. App.-Corpus Christi 2002, pet. denied).

The master's error requires reversal only if it probably caused the rendition of an improper judgment or probably prevented Westcliffe from properly presenting its case on appeal. TEX.R.APP. P. 44.1(a); *Palmer*, 84 S.W.3d at 351; *State Farm Fire & Cas. Ins. Co. v. Vandiver*, 941 S.W.2d 343, 350 (Tex.App.-Waco 1997, no writ) (per curiam). The trial court found (1) the audio tape was clear and audible; (2) the audio tape was inclusive of all things that occurred at the hearing; and (3) with minor inaccuracies due to phonetic transcription, the transcription of the audio tape was accurate. We conclude the master's errors did not adversely effect the accuracy and completeness of the record and did not prevent Westcliffe from properly presenting its appeal.

However, we caution the district court and the civil masters to strictly comply with the supreme court's rules and the rules of appellate procedure governing the making of an electronic record. The determination of whether errors in the making of an electronic record affected the accuracy of the record is a fact-intensive inquiry. Litigants should not be subjected to the time and expense necessary for the trial court and this Court to determine whether the errors in making the record are harmless in each particular case.

## B. Damages

 Westcliffe next argues that the evidence submitted at the default judgment hearing is legally and factually insufficient to support the damages awarded to Bear Creek based on either breach of contract or quantum meruit. Once a default judgment is taken on an unliquidated claim, all factual allegations in the petition are deemed admitted, except the amount of damages. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex.1984). Thus, Westcliffe's liability for breach of contract is conclusively established. *Jackson v. Biotectronics, Inc.*, 937 S.W.2d 38, 42 (Tex.App.-Houston [14th Dist.] 1996, no writ). However, Bear Creek was required to produce sufficient proof of its unliquidated damages. *Id.*

At the default judgment hearing, Brian Holdgate, one of the partners in Bear Creek, testified that Bear Creek contracted with Westcliffe to do excavation and grading work and that Bear Creek fully performed this work in a good and work-

---

**3.** The master's log was required to include (1) the number and style of the case before the court; (2) the name of each person speaking; (3) the event being recorded; (4) each exhibit offered, admitted, or excluded; (5) the time of day of each event; and (6) the index number on the recording device showing where each event is recorded. RULES GOVERNING THE PROCEDURE FOR MAKING A RECORD OF COURT PROCEEDINGS BY ELECTRONIC RECORDING at 367; TEX.R.APP. P. 13.2(b). The trial court found the master's log did not contain the style of the case, the name of each person speaking, or the time of day of each event.

manlike manner. Holdgate further testified the unpaid balance on the contract was $18,810. The evidence was legally and factually sufficient to support the trial court's award of $18,810 on Bear Creek's breach of contract claim. *See Mabon Ltd. v. Afri–Carib Enters., Inc.,* 29 S.W.3d 291, 301 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (testimony in default judgment hearing regarding total amount of payments sufficient to support damages for breach of agreement to pay commissions); *Jackson,* 937 S.W.2d at 42–43 (evidence of amount owed under contract sufficient to support award of damages). Because there is sufficient evidence to support the award of damages on Bear Creek's breach of contract claim, we need not consider whether the evidence is sufficient to support an award of damages on Bear Creek's quantum meruit claim. TEX.R.APP. P. 47.1.

## C. Attorney's Fees

■ Westcliffe next argues the evidence is legally and factually insufficient to support the award of attorney's fees to Bear Creek. The master took judicial notice of the affidavit of Jamey L. Voge, Bear Creek's attorney, that had been filed with the district clerk. Voge testified that he is an attorney licensed to practice law in Texas and that Bear Creek hired Voge's lawfirm to prosecute the lawsuit against Westcliffe. Voge testified that, in his opinion, his hourly rate and the rates of the legal assistants and other attorneys working on the file were reasonable and that the type of services performed for Bear Creek were necessary and of the type ordinarily performed by attorneys handling similar matters. After reviewing the file and the lawfirm's time records and giving consideration to the factors in the Texas Rules of Disciplinary Procedure, Voge testified that fees of $2,210 were reasonable for legal services rendered through the default judgment hearing.

Voge also testified to reasonable fees on appeal. The evidence was legally and factually sufficient to support the trial court's award of attorney's fees. *See Tex. Commerce Bank, Nat'l Ass'n v. New,* 3 S.W.3d 515, 517–18 (Tex.1999) (per curiam).

## D. Prompt Pay Act

■ Westcliffe finally contends the evidence is legally and factually insufficient to support the trial court's award of statutory interest under the Prompt Pay Act, TEX. PROP.CODE ANN. §§ 28.001–28.010 (Vernon 2000). The Prompt Pay Act requires an owner of real property that is improved, for whom an improvement is made, and who ordered the improvement to be made to pay a contractor who performs the work not later than the 35th day after the owner receives a written payment request from the contractor. *Id.* § 28.002(a). A contractor who receives payment from an owner must pay any subcontractor the portion of the payment that is attributable to work performed by the subcontractor within seven days of the contractor receiving the owner's payment. *Id.* § 28.002(b). Any unpaid amount begins to accrue interest on the day after the date payment is due at the rate of one and one-half percent each month. *Id.* § 28.004(a), (b).

By failing to file an answer to the petition, Westcliffe admitted Bear Creek's allegations that Westcliffe failed to promptly tender payment to Bear Creek. *Morgan,* 675 S.W.2d at 731. Once Bear Creek offered sufficient evidence of the amount Westcliffe failed to tender, Bear Creek was entitled to recover statutory interest on that amount. TEX. PROP.CODE ANN. § 28.004.

We overrule Westcliffe's first issue and affirm the trial court's judgment.