COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-215-CV

PAUL B. BAIN APPELLANT

V.

JEANETTE C. BAIN AND APPELLEES

CITIBANK (SOUTH DAKOTA) N.A.

------------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In this restricted appeal, appellant Paul B. Bain complains that default judgment was improper because he filed an answer before it was rendered, that the absence of a reporter’s record prevents him from effectively showing error, that there is insufficient evidence to support the trial court’s award of attorney’s fees to appellee Jeanette C. Bain (“Jeanette”), and that the default judgment is void for lack of jurisdiction.  Citibank (South Dakota) N.A. (“Citibank”) and Jeanette did not file briefs in this appeal.  Because error exists on the face of the record, we will reverse the default judgment and remand the case to the trial court.

BACKGROUND 

Citibank filed a suit on sworn account against Appellant’s ex-wife, Jeanette, who filed a general denial and cross petition against Appellant. Jeanette responded to Citibank’s motion for summary judgment by arguing that Citibank was suing the wrong party, and attached copies of the divorce decree, which allocated the Citibank debt to Appellant, and the divorce court’s June 2005 order, which granted judgment to Jeanette against Appellant for the amount of the Citibank debt.  In August 2005, she filed a motion for default judgment against Appellant in the Citibank case.  Appellant filed a pro se answer and counter petition in October 2005.  The trial court granted summary judgment to Citibank, against Jeanette, on February 17, 2006.

On April 19, 2006, the trial court signed an order granting Jeanette a default judgment against Appellant for “failure to pay Court Ordered debt,” awarding to her $26,548.85, the amount of the Citibank debt, and an additional $26,548.85 as attorney’s fees.  The order indicates that a hearing was held on August 15, 2005.

JURISDICTION

In his fourth issue, Appellant claims that the trial court’s summary judgment order of February 17, 2006 should be regarded as the final judgment in this case, rendering the April 19, 2006 default judgment against him void because it was signed after the expiration of the trial court’s plenary power under Texas Rule of Civil Procedure 329b(d).  
See
 
Tex. R. Civ. P
. 329b(d).

Rule 329b(d) states that the trial court “has plenary power . . . to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed.”  
Id
.  A trial court has plenary power over the judgment until it becomes final; it retains continuing control over interlocutory orders, with the power to set those orders aside, any time before a final judgment is entered.  
See Fruehauf Corp. v. Carrillo
, 848 S.W.2d 83, 84 (Tex. 1993).  Upon expiration of its plenary power period, however, a judgment cannot be set aside by the trial court except by a timely-filed bill of review for sufficient cause. 
 See
 
Tex. R. Civ. P
. 329b(f).

A judgment entered without a conventional trial on the merits is final “if and only if either it 
actually disposes 
of all claims and parties then before the court, regardless of its language, 
or
 it states with unmistakable clarity that it is a final judgment as to all claims and all parties.”  
Lehmann v. Har-Con Corp
., 39 S.W.3d 191, 192-93 (Tex. 2001) (emphasis added).  The trial court’s summary judgment order addresses the claims set forth in Citibank’s motion for summary judgment and Jeanette’s response.  The order is entitled “Final Summary Judgment” and unequivocally orders that Defendant Jeanette C. Bain “take nothing by any of [her] claims” and states that “[t]his judgment finally disposes of all claims and parties and is appealable.”  However, because the order does not address Jeanette’s cross-claim against Appellant, it does not actually dispose of all claims and parties before the court.  Therefore, “regardless of its language,” the summary judgment order cannot be considered final as to Appellant.  
See id
. at 192.  We overrule Appellant’s fourth issue.

RESTRICTED APPEAL

Standard Of Review

A restricted appeal is a procedural device available to a party who did not participate, either in person or through counsel, in a hearing that resulted in a judgment against the party.  
Tex. R. App. P
. 30.  To be entitled to a restricted appeal, an appellant must first show that it:  (1) filed its notice of restricted appeal within six months after the trial court signed the judgment or order; (2) is a party to the suit; (3) did not participate in the hearing that resulted in the judgment complained of; and (4) did not timely file any post-judgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by rule 26.1(a).  
Tex. R. App. P. 
26.1(a), (c), 30; 
Clopton v. Pak
, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied).  Appellant has met these initial requirements.

Once an appellant establishes that it has met the requirements of a restricted appeal, it must then establish error apparent from the face of the record before it will be entitled to relief from the adverse judgment.  
Clopton
, 66 S.W.3d at 515.
  In determining whether the requirement that error appear on the face of the record has been met, we may consider all of the papers on file in the appeal, including the clerk’s record and any reporter’s record.  
DSC Fin. Corp. v. Moffitt
, 815 S.W.2d 551, 551 (Tex. 1991).

Reporter’s Record
 
& Sufficiency Of The Evidence

In his second issue, Appellant complains that the absence of a reporter’s record effectively prevents him from showing error on appeal.  In his third issue, he complains that there is no evidence, or insufficient evidence, to support the trial court’s finding that Jeanette incurred $24,548.85 in attorney’s fees in enforcing a debt in that same amount.

An assertion that the evidence is factually insufficient to support a fact finding means that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the answer should be set aside and a new trial ordered.  
Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965).  We are required to consider all of the evidence in the case in making this determination, not just the evidence that supports the finding.  
Mar. Overseas Corp. v. Ellis
, 971 S.W.2d 402, 406-07 (Tex.), 
cert. denied
, 525 U.S. 1017 (1998).

In factual insufficiency cases, our opinion must detail the evidence relevant to the issue in consideration, clearly state why the finding is factually insufficient, and state in what regard the contrary evidence greatly outweighs the evidence in support of the finding.  
Pool v. Ford Motor Co.
, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh’g); 
see also Lofton v. Tex. Brine Corp
., 720 S.W.2d 804, 805 (Tex. 1986).  If we sustain an issue because the evidence is factually insufficient, we must reverse the judgment of the trial court and remand for new trial.  
Glover v. Tex. Gen. Indem. Co.
, 619 S.W.2d 400, 401-02 (Tex. 1981) (op. refusing writ n.r.e.).  This court has no jurisdiction to render judgment based on an insufficient evidence issue.  
B.J. Valve & Fitting Co. v. Elliott Valve Repair Co.
, 679 S.W.2d 1, 1 (Tex. 1984).

When an appellant attacks the sufficiency of the evidence to support the trial court’s determination of damages in a default judgment, he is entitled to a review of the evidence produced.  
Dawson v. Briggs
, 107 S.W.3d 739, 748 (Tex. App.—Fort Worth 2003, no pet.).  The rules of appellate procedure require that the official court reporter attend court sessions and make a full record of the proceedings unless excused by agreement of the parties.  
Tex. R. App. P
. 13.1(a).  When evidence is offered to support a default judgment, the lack of a reporter’s record entitles a defendant to a new trial because he will be unable to obtain a record of the evidence for review by an appellate court.  
See Rogers v. Rogers
, 561 S.W.2d 172, 173 (Tex. 1978) (reversing no-answer default judgment via appeal by writ of error because evidence was presented but no reporter’s record existed).  However, a trial court may award unliquidated damages in a no-answer default judgment based on affidavits.  
See Tex. Commerce Bank Nat. Ass’n. v. New
, 3 S.W.3d 515, 516-17 (Tex. 1999) (holding that in a no-answer default judgment, affidavits can satisfy rule 243‘s requirement of evidence of unliquidated damages).  Further, the pleadings and affidavits constitute a record upon which the court may base a default judgment.  
Id. 
at 517;
 see also Reeve v. Citibank (South Dakota, N.A.)
, No. 02-04-00152-CV, 2005 WL 554791, at *2 (Tex. App.—Fort Worth Mar. 10, 2005, no pet.) (mem. op.)
.
(footnote: 2) 

Here, although Appellant requested that a reporter’s record of the default judgment hearing be filed with this court, none was provided.  On July 21, 2006, the clerk of this court received a letter from the official court reporter of the trial court stating that there were no reporter’s notes taken.  Jeanette’s attorney filed a letter with this court on September 27, 2006, indicating that no formal hearing was held “regarding the Default Judgment prove-up.”  Jeanette’s attorney did file in the trial court an affidavit attesting to his fees with the motion for default judgment.  However, the amount requested as a reasonable fee, $1,862, with an additional $3,000 estimated for appeal to the court of appeals and an additional $5,000 estimated for appeal to the supreme court,
(footnote: 3) is far removed from the amount actually awarded, $24,548.85.

Because no reporter’s record was made of the hearing that resulted in the judgment complained of by Appellant, and the amount of attorney’s fees awarded differs significantly from the amount requested in the affidavit, the only evidence in the record pertaining to this issue, there is insufficient evidence for our review to determine how the court arrived at this figure.  
Cf. Westcliffe, Inc. v. Bear Creek Constr., Ltd.
, 105 S.W.3d 286, 294 (Tex. App.—Dallas 2003, no pet.) (upholding attorney’s fee award in restricted appeal based on attorney’s filed affidavit and testimony).  Accordingly, we sustain Appellant’s second and third issues. 

CONCLUSION

Having overruled Appellant’s fourth issue, but sustained his second and third issues, we reverse the trial court’s default judgment and remand the case to the trial court.  In light of our disposition of his second and third issues, we need not address Appellant’s first issue.  
See
 
Tex. R. App. P. 
47.1.

DIXON W. HOLMAN

JUSTICE

PANEL F:  HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  January 25, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Based on our conclusion here, we do not reach Appellant’s first issue, arguing that the default judgment was improperly rendered as a no-answer default instead of a post-answer default.

3:
Jeanette’s attorney states in the affidavit:

It is my opinion that in the event this case is appealed to the court of appeals, attorney’s fees in the amount of $3,000.00 would be a reasonable fee for services performed in this cause on appeal to the court of appeals.  It is my opinion that in the event this case is appealed to the Texas Supreme Court, additional attorney’s fees in the amount of $5,000.00 would be a reasonable fee for services performed in this cause on appeal to the Texas Supreme Court.