*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00044-CV

**MEX FLORES PRODUCE COMPANY, INC.**,
Appellant

v.

Mario **GARCIA**,
Appellee

From the 218th Judicial District Court, Frio County, Texas
Trial Court No. 05-11-00328-CVF
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Catherine Stone, Justice

Sitting:    Alma L. López, Chief Justice
Catherine Stone, Justice
Sandee Bryan Marion, Justice

Delivered and Filed:    October 15, 2008

REVERSED AND REMANDED

Appellee Mario Garcia was granted a default judgment against appellant Mex Flores

Produce Company, Inc. ("Mex Flores"). On appeal, Mex Flores contends the default judgment

should be set aside because Garcia failed to strictly comply with the requirements of proper service.

We reverse the judgment of the trial court and remand for further proceedings.

Mex Flores and Michael Contreras agreed to purchase a crop of watermelons from Garcia for $25,000. Mex Flores and Contreras paid Garcia $12,000 and took possession of the watermelon crop; however, they refused to pay Garcia the remaining $13,000 they owed him under their agreement. Garcia subsequently sued Mex Flores and Contreras for breach of contract.[1]

For purposes of service of process, Garcia identified Mex Flores's registered agent as "Daniel L. Flores." Accordingly, the district clerk issued citation directing service of citation on Daniel L. Flores. The process server attempted to serve Daniel L. Flores at the address provided, but the server could not locate Flores. After attempting service on Daniel L. Flores, Garcia resorted to substituted service on the Secretary of State. The Secretary of State attempted to forward a copy of the citation and Garcia's live pleading to Daniel L. Flores as Mex Flores's registered agent, but they were returned bearing the notation "Attempted-Not Known." When Mex Flores failed to answer or appear for any hearings, the trial court granted Garcia a default judgment against Mex Flores. Mex Flores filed this restricted appeal upon learning of the default judgment granted in favor of Garcia.

A party may bring a restricted appeal if the party: (1) filed notice of the restricted appeal within six months after the judgment was signed; (2) was a party to the underlying lawsuit; (3) did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Mex Flores meets the first three requirements for filing a

---

[1] Contreras was eventually nonsuited from the litigation and is not a party to this appeal.

restricted appeal.[2]  Whether error is apparent on the face of the record, however, depends on our resolution of the issue of proper service.

When reviewing a default judgment via restricted appeal, we may not presume valid issuance, service, and return of citation. *Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573 (Tex. 2006) (per curiam); *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam).  If the record fails to affirmatively show strict compliance with the rules of civil procedure governing issuance, service, and return of citation, attempted service of process is invalid and of no effect.  *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam); *Westcliffe, Inc. v. Bear Creek Constr., Ltd.*, 105 S.W.3d 286, 290 (Tex. App.—Dallas 2003, no pet.).  Strict compliance does not require "'obeisance to the minutest detail.'" *Westcliff, Inc.*, 105 S.W.3d at 290 (citing *Herbert v. Greater Gulf Coast Enters., Inc.*, 915 S.W.2d 866, 871 (Tex. App.—Houston [1st Dist.] 1995, no writ)).  "Errors such as mistaken capitalization in the defendant's name and spelling errors too minor to raise any doubt that the correct person was served are insufficient to invalidate service." *Ortiz v. Avante Villa at Corpus Christi, Inc.*, 926 S.W.2d 608, 613 (Tex. App.—Corpus Christi 1996, writ denied).  "When the attempted service of process is invalid, the trial court acquires no personal jurisdiction over the defendant, and the default judgment is void." *Westcliff, Inc.*, 105 S.W.3d at 290.  If proper service is not affirmatively shown, error appears on the face of the record.  *Id.*

Mex Flores asserts that service of process was defective in this case because service was attempted on someone other than its registered agent.  According to Mex Flores, its designated

---

[2] Although Garcia alleges that Mex Flores timely filed a motion for new trial seeking to set aside the default judgment, the record contradicts Garcia's contention.  The only motion for new trial appearing in the record is the one filed by Contreras, Mex Flores's codefendant during the underlying litigation.

registered agent is "Daniel L. Sanders," not "Daniel L. Flores." Mex Flores directs us to a portion of the record verifying that its registered agent is in fact Daniel L. Sanders. Strict compliance with the rules of civil procedure required Garcia's attempted service be upon the individual Mex Flores specifically named as its registered agent — Daniel L. Sanders. *See generally Noone v. Noone*, No. 04-03-00309-CV, 2003 WL 22495574, *1 (Tex. App.—San Antonio 2003, pet. denied) (mem. op.) (holding trial court does not acquire jurisdiction if notice is served on the wrong person). It is apparent from the face of the record that Garcia failed to strictly comply with the requirements of proper service when it attempted to serve "Daniel L. Flores" instead of "Daniel L. Sanders." We therefore sustain Mex Flores's complaint on appeal.

Because service was defective, we reverse the judgment of the trial court and remand for further proceedings.[3]

Catherine Stone, Justice

---

[3] We do not address Mex Flores's alternative issues because they are not necessary to the disposition of this appeal. *See* TEX. R. APP. P. 47.1.