Opinion issued August 5, 2014



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00887-CV

———————————

**MORRELL MASONRY SUPPLY, INC., Appellant**

**V.**

**JESUS PEREZ, Appellee**

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-46283**

---

## MEMORANDUM OPINION

Appellant, Morrell Masonry Supply, Inc. ("Morrell Masonry"), sued appellee, Jesus Perez, for his alleged breach of the parties' "Covenant Not to Compete and Confidentiality Agreement." The trial court granted Perez's motion for summary judgment and issued a take-nothing judgment against Morrell

Masonry.  In its sole issue on appeal, Morrell Masonry argues that the trial court erred in granting summary judgment in Perez's favor.

We affirm.

## Background

Perez became an employee of Morrell Masonry in the fall of 2007.  Morrell Masonry is in the business of supplying stucco and other masonry materials.  In October 2008, Perez signed the "Covenant Not to Compete and Confidentiality Agreement" ("the Agreement") in exchange for participating in Morrell Masonry's employee profit sharing program.  The Agreement provided:

> In consideration for participating in [Morrell Masonry's] ("employer") profit sharing program employee promises to abide by the following terms and conditions.
>
> Employee recognizes and acknowledges that as a participant in employer's profit sharing program employees will have access to all of employer's corporate records. . . .  [E]mployee specifically agrees that he or she will not at any time, in any fashion, form, or manner, either directly or indirectly, divulge, disclose, or communicate to any person, firm, or corporation in any manner whatsoever any information . . . concerning any matters affecting or relating to the business of employer. . . .
>
> [E]mployee specifically agrees that for a period of one year following the termination of employment, however caused, the employee will not within the geographical limits of the State of Texas directly or indirectly for himself, or on behalf of, or as an employee of any other merchant, firm, association, corporation, or other entity engaged in or be employed by any stucco and/or E.I.F.S. supplier business or any other business that is competitive with employer.
>
> Employee further agrees that in the event of violation of this agreement by employee, employee will pay as liquidated damages to the employer the sum of $100.00 per day, for each day or portion of a day that the employee continues such breach of the agreement. . . .

Morrell Masonry subsequently terminated Perez's employment in August 2011, and Perez obtained a job working for Acoustical Material Supply Co. ("Acoustical"). Morrell Masonry asserted that Acoustical was a competitor of Morrell Masonry's. However, Perez argued that Acoustical primarily sells acoustical and dry wall products, that less than two percent of its business in 2011 consisted of selling stucco products similar to those sold by Morrell Masonry, and that Acoustical's stock of stucco products was depleted by the end of 2012. Thus, Perez argued that Acoustical was not competing with Morrell Masonry.

Morrell Masonry filed suit against Perez, alleging that Perez executed the Agreement in 2008 in exchange for participating in the profit sharing program. Morrell Masonry further alleged that the limitations "placed on [Perez] by the covenant were reasonable" and "imposed no greater restriction than necessary to protect [its] business interests." Morrell Masonry asserted that it terminated Perez's employment in 2011. Morrell Masonry's petition asserted a cause of action for "Breach of [the] Covenant Not to Compete." It alleged that, following his termination, Perez "breached the covenant not to compete by obtaining employment with a business that competes with" Morrell Masonry, and it sought liquidated damages in the amount of $100 per day that Perez worked in violation of the Agreement's covenant not to compete.

Morrell Masonry then moved for summary judgment, asking the trial court for "final summary judgment on its cause of action" against Perez. It alleged that Perez breached the Agreement by obtaining employment with Acoustical, a business that competes with Morrell Masonry.

Perez likewise moved for final summary judgment, asserting the defense of collateral estoppel based on a previous lawsuit between Morrell Masonry and a former colleague of Perez's who had signed an identical agreement that a Harris County district court had determined was overbroad and unenforceable. Perez also argued that, as a matter of law, the covenant not to compete was unenforceable because the "State-wide geographical restriction" was "overbroad," because of the "the absence of consideration for Perez' execution of the Non-Compete," and because Perez did not work for a "competitor" of Morrell Masonry's.

Morrell Masonry responded to this motion, specifically arguing that the covenant not to compete was not overbroad and that it was supported by adequate consideration. It also addressed Perez's claim that Acoustical was not a competitor.

The trial court denied Morrell Masonry's motion for summary judgment and granted Perez's motion for summary judgment against Morrell Masonry, stating that its order "represent[ed] a final, take nothing judgment on all of Morrell Masonry Supplies, Inc.'s claims." Morrell Masonry subsequently moved for a new

4

trial, arguing that Perez's unpleaded affirmative defense of collateral estoppel could not support the trial court's grant of summary judgment; that collateral estoppel did not apply in the present case; that the geographic restriction was not unreasonable or overbroad and, even if it was, it should have been reformed; and that Morrell Masonry was denied its right to a jury trial.

### Summary Judgment

In its sole issue on appeal, Morrell Masonry argues that the trial court erred in granting summary judgment in Perez's favor.

### A. Standard of Review

We review a trial court's ruling on a motion for summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). To prevail on a traditional summary judgment motion, the movant has the burden of proving that it is entitled to judgment as a matter of law and that there are no genuine issues of material fact. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). "We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Fielding*, 289 S.W.3d at 848.

**B.     Analysis**

Morrell Masonry asserted a cause of action for breach of the covenant not to compete contained in the Agreement.  Both parties moved for summary judgment on this claim, and the trial court denied Morrell Masonry's motion and granted Perez's motion.  Morrell Masonry does not challenge the trial court's ruling granting Perez's motion for summary judgment regarding its claim for breach of the non-compete Agreement.

Morrell Masonry argues, however, that the trial court erred in granting summary judgment on an "unaddressed claim," arguing that the Agreement contained both non-competition and confidentiality covenants and that Perez never sought summary judgment related to the confidentiality covenant.  Morrell Masonry further asserts various arguments regarding a claim for breach of the confidentiality covenant, arguing that the trial court "erred in granting summary judgment because nondisclosure covenants are not against public policy and are not required to contain reasonable time or geographical limitations" and because "consideration existed" for the confidentiality covenant.  Morrell Masonry argues that it showed during the summary judgment proceedings that Perez worked for one of its competitors and, thus, it is entitled to "the reasonable inference . . . that confidential information is being shared by Perez with his new employer."

6

However, Morrell Masonry did not plead a cause of action for breach of the confidentiality clause in the trial court, nor did it assert any facts raising that complaint. Morrell Masonry's petition asserted facts related to Perez's alleged breach of the covenant not to compete and asserted only a claim for breach of that covenant. Morrell Masonry did not assert any facts or arguments relating to an alleged breach of confidentiality in its petition, motion for summary judgment, response to Perez's motion for summary judgment, or motion for new trial.

Morrell Masonry is not entitled to assert a new claim for breach of the Agreement's confidentiality clause for the first time on appeal as a basis for avoiding the trial court's summary judgment. *See* TEX. R. CIV. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); TEX. R. APP. P. 33.1(a) (requiring presentation of complaint to trial court to preserve issue for consideration on appeal); *see also Baxter v. Gardere Wynne Sewell LLP*, 182 S.W.3d 460, 465 (Tex. App.—Dallas 2006, pet. denied) (holding that appellants could not assert claim for first time on appeal to avoid summary judgment and noting that "[i]ssues a nonmovant contends avoid summary judgment that are not expressly presented to the trial court by written answer or other written response to the summary judgment motion are waived on appeal"); *Loera v. Interestate Inv. Corp.*, 93 S.W.3d 224, 228 (Tex. App.—Houston [14th Dist.] 2002, pet. denied)

7

(concluding that claims that were never pleaded, were not issues in trial, and were not subject of request for findings of fact or conclusions of law were not preserved for appellate review; stating that appellants could not "rewrite their pleadings to allege new causes of action for the first time in a motion for new trial"); *Wiley-Reiter Corp. v. Groce*, 693 S.W.2d 701, 704 (Tex. App.—Houston [14th Dist.] 1985, no writ) ("It is well-settled that an appellate court should not decide a case on a theory different from that on which it was pleaded and tried."). Because Morrell Masonry did not plead or otherwise argue the issue of breach of the confidentiality covenant in the trial court, we conclude that it failed to preserve this complaint for our review.

Morrell Masonry argues that we should construe its petition as raising any "cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged." *See, e.g.*, *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982) (holding that courts should construe pleadings liberally in absence of special exceptions); *Westcliffe, Inc. v. Bear Creek Constr., Ltd.*, 105 S.W.3d 286, 292 (Tex. App.—Dallas 2003, no pet.) (holding that petition is sufficient if cause of action may be inferred from what is stated in petition, even if element of action is not specifically alleged). Here, however, Morrell Masonry's pleadings did not merely omit allegations relevant to an element of a breach of confidentiality claim—its petition failed to assert such a

claim in any form. The pleading asserted no facts or arguments relating to a breach of confidentiality, and thus a cause of action for breach of the confidentiality clause could not be inferred from what was alleged in the pleadings. *See Roark*, 633 S.W.2d at 809; *Westcliffe, Inc.*, 105 S.W.3d at 292.

Morrell Masonry also argues that Perez did not file special exceptions to Morrell Masonry's pleadings and did not "address the covenant of confidentiality, although the trial court granted summary judgment on this unaddressed claim." We have concluded that Morrell Masonry failed to assert such a claim in any form in the trial court. Perez had no obligation to file special exceptions challenging pleadings that were not made, nor was his motion for summary judgment required to address claims not raised in the pleadings or other written material filed in the trial court. *See* TEX. R. CIV. P. 166a. Thus, we conclude that the trial court's grant of Perez's motion for summary judgment actually disposed of all claims and parties then before it. *See Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012) (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001)).

We overrule Morrell Masonry's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.