

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00156-CV
_____

MUKESH BHAKTA, APPELLANT

V.

KRISU HOSPITALITY, LLC, APPELLEE

On Appeal from the 223rd District Court
Gray County, Texas
Trial Court No. 38,934; Honorable Phil N. Vanderpool, Presiding

November 20, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Mukesh Bhakta, filed a restricted appeal from the trial court's order granting a default judgment in favor of Appellee, Krisu Hospitality, LLC, in its action against Bhakta and M&L Builders, Inc. for breach of contract and various other claims

involving a construction contract.[1]  In the default judgment, the trial court awarded Krisu $1,965,953.78 in actual damages, $855,000.00 in lost business income, $348,414.76 in exemplary damages,[2] and $26,007.75 in attorney's fees.  Bhakta presents six issues challenging the default judgment.  By his first two issues, he asserts the default judgment was improper because (1) the return of service was fatally defective and (2) the judgment failed to separate the award of exemplary damages against him and M&L Builders.  By his next three issues, he contends the evidence was legally and factually insufficient to (3) establish the requisite level of culpable conduct by him to support the award of exemplary damages, (4) support the amount of exemplary damages awarded against him, and (5) support the award in favor of Krisu for future lost business income.  By his sixth and final issue, Bhakta maintains the economic loss rule bars Krisu from recovering tort damages against him in a breach of contract action for a contract to which he was not a party.  We reverse and remand.

### KRISU HOSPITALITY, LLC'S SUGGESTION OF BANKRUPTCY

Subsequent to the presentation of oral arguments, Krisu filed with this court its *Suggestion of Bankruptcy* indicating that Krisu Hospitality, LLC had filed for protection under the provisions of Chapter 11 of the United States Bankruptcy Code on November

---

[1] At the time of the controversy, Bhakta owned and operated M&L Builders, Inc.  While this appeal was pending, both Bhakta and M&L Builders filed suggestions of bankruptcy requiring that the appeal be abated.  *See M&L Builders, Inc. v. Krisu Hospitality, LLC*, 07-17-00424-CV, 2019 Tex. App. LEXIS 3488, at *2 (Tex. App.—Amarillo April 30, 2019, order).  Subsequently, on Bhakta's motion, the appeal was reinstated and his appeal was severed from M&L Builders's appeal and M&L Builders was dismissed.  *See M&L Builders, Inc. v. Krisu Hospitality, LLC*, Nos. 07-17-00424-CV, 07-18-00156-CV, 2019 Tex. App. LEXIS 3563, at *2 (Tex. App.—Amarillo May 1, 2018, order).

[2] With commendable professional candor, counsel for Krisu abandoned the exemplary damages award.

4, 2019, in Cause No. 19-20347-rlj11, in the United States Bankruptcy Court for the Northern District of Texas, Amarillo Division. In accordance with Rule 8.2 of the Texas Rules of Appellate Procedure, a bankruptcy proceeding automatically suspends the appeal from the date the bankruptcy is filed until the appellate court reinstates or severs the appeal in accordance with federal law. Counsel for Bhakta has filed with this court a *Motion to Reinstate Under TRAP 8.3(a)*, contending that the automatic stay provisions of the Bankruptcy Code are inapplicable to the facts of this case.

Bhakta contends the automatic stay provisions of the Bankruptcy Code do not apply to a proceeding where the bankruptcy debtor (in this case Krisu) was in the position of a plaintiff in the trial court proceeding being appealed. *See Ingersoll-Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1426 (9th Cir. 1987) (construing the automatic stay provisions of the bankruptcy code as applying to "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the [bankruptcy proceeding]." (Emphasis added)). We agree. Furthermore, based on the representation of counsel for Bhakta, counsel for Krisu does not oppose Bhakta's motion to reinstate. Accordingly, to the extent necessary pursuant to Rule 8.3(a) of the Texas Rules of Appellate Procedure, we reinstate this appeal for all purposes.

### BACKGROUND

Krisu contracted with Bhakta and M&L Builders on September 22, 2014, to have them construct a La Quinta Inn and Suites within 365 days from the date of commencement for $4,010,152.00. The contract was signed by Piyuch Patel, Krisu's

owner, and Larry Cole signed as President of M&L Builders.[3]  Bhakta was not a signatory to the contract.  An *Affidavit of Commencement* was filed on September 26, 2014.

Patel's son, Minesh, the project manager, testified that Bhakta was charged with hiring the initial subcontractors who made all the mistakes that resulted in faulty construction of the hotel.  One of the first issues Minesh noticed was "waving" with sheetrock joints on walls and ceilings.[4]  Bob Martin of CEM Enterprises, a project management company, was brought in by M&L Builders in early 2016 to address the construction deficiencies.  Some ceilings showed water damage and black mold.  Master plumbers were brought in to inspect the property and discovered serious issues with the plumbing system that required removal and replacement of drywall and ceilings.  The hotel flooded during rain showers due to faulty installation of the storm drain system.  The walls, ceilings, tile, millwork, texturing, and painting had to be redone.  The original pool contractor's work was also deficient, and the pool drain had to be modified to comply with laws and regulations.[5]

According to business records, Martin documented the construction issues and his comments and concerns in weekly logs.  He determined that the original construction crew did not have the skill to perform the required tasks, much less remedy the issues, and he brought in new subcontractors.

---

[3] After service of process failed on Cole, claims against him were severed into a new cause number.

[4] According to Krisu, waves are created when not enough screws are used to attach sheetrock to the framing.

[5] These deficiencies are not exhaustive.

In April 2016, a meeting was called for Larry Cole, Piyuch, Minesh, and a banker to discuss the issues. According to Minesh, after the meeting, M&L Builders "basically walked off the job." Martin continued overseeing the remainder of the construction. The hotel was finally completed on December 21, 2016, well beyond the 365-day contract deadline and in excess of the budget by $1,900,554.00.

On May 17, 2017, Krisu made a formal demand for damages sustained during construction of the hotel that necessitated repairs and replacements. Krisu also made a demand for all the months of lost revenue. The demand included a request for reasonable attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code. When the claims were not resolved, Krisu filed suit on July 6, 2017, for breach of contract, negligence, negligent hiring, supervision and retention, and breach of implied warranty of good and workmanlike services.

The lawsuit was not answered and on August 15, 2017, Krisu filed a *Motion for Default Judgment*. A hearing was held on the motion on August 29, 2017. Bhakta was not present, and he was not represented by counsel. Krisu presented testimony from several witnesses and offered exhibits in support of its motion. At the conclusion of the hearing, the trial court granted a default judgment in favor of Krisu. Bhakta did not file any post-judgment motions or request findings of fact and conclusions of law. Instead, he filed a notice of restricted appeal.

RESTRICTED APPEAL

To prevail in a restricted appeal, a party must show (1) a timely filed notice of restricted appeal; (2) it was a party to the underlying suit; (3) it did not participate in the

5

hearing that resulted in the challenged judgment and did not file any post-judgment motions or request findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

### ISSUE ONE—SERVICE OF PROCESS

By his first issue, Bhakta maintains that service of process was fatally defective for failing to strictly comply with the rules for the return of service. We agree.

Absent proper service of process, a court lacks personal jurisdiction over a defendant and any default judgment is rendered void. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). Strict compliance with the rules for service of citation must affirmatively appear on the record in order for a default judgment to withstand a direct attack. *Ins. Co. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (citing *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam) and *Uvalde Country Club v. Marin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985)). There are no presumptions in favor of valid service in a restricted appeal from a default judgment. *Wachovia Bank of Del. v. Gilliam*, 215 S.W.3d 848, 850 (Tex. 2007). *Uvalde Country Club*, 690 S.W.2d at 885. Failure to affirmatively show strict compliance with the Texas Rules of Civil Procedure renders the attempted service of process invalid and of no effect. *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965).

Rule 103 of the Texas Rules of Civil Procedure authorizes three categories of persons who may serve process: (1) any sheriff or constable or any other person authorized by law; (2) any person authorized by law or by written order of the court who

6

is not less than eighteen years of age; and (3) any person certified under order of the Supreme Court. TEX. R. CIV. P. 103. Rule 107(b) lists the information that must be included in a return of service. TEX. R. CIV. P. 107(b). Two of the details that *must* be included in the return of service are the name of the person who served or attempted to serve the process, and if that person is a process server certified under order of the Supreme Court, that person's identification number and the expiration date of that person's certification. TEX. R. CIV. P. 107(b)(9), (10). (Emphasis added).

Relying on *Landagan v. Fife*, No. 01-13-00536-CV, 2014 Tex. App. LEXIS 6674, at *14 (Tex. App.—Houston [1st Dist.] June 19, 2014, no pet.) (mem. op.), Bhakta argues that failure to comply strictly with the rules governing service requires reversal of the default judgment entered against him. In *Landagan*, two deficiencies were presented with respect to the service of process: (1) failure to identify a valid address where Landagan could be served and (2) failure to include the expiration date of the private process server's certification. *Id.* Because that information was lacking, the appellate court concluded that the deficiencies rendered service of process "invalid and of no effect" and reversed the trial court's default judgment. *Id.*

Krisu responds that failure to include the expiration date of a process server's certification is a minute detail that renders any defect in service harmless. We disagree.

In the underlying case, the *Officer's Return/Certificate of Delivery* contained in the record bears the signature of "Darla Odom 3935." The number "3935" indicates the process server's identification number required by Rule 107(b)(10). No other information about the process server is provided. There is nothing in the record to indicate whether

7

the process server is a person authorized under Rule 103 to serve process. Neither is there any indication that the process server was certified under an order of the Supreme Court pursuant to its civil process server certification program. Also, no expiration date is provided for the process server's certification, if any.[6] We acknowledge that strict compliance does not require "obeisance to the minutest detail." *Herbert v. Greater Gulf Coast Enters., Inc.*, 915 S.W.2d 866, 871 (Tex. App.—Houston [1st Dist.] 1995, no writ). However, because the expiration date of a process server's certification is a specified requirement in Rule 107(b)(10), we do not consider that information to be a minute detail. *See Wyatt v. Deal*, No. 02-18-00246-CV, 2019 Tex. App. LEXIS 4778, at *11 (Tex. App.— Fort Worth June 6, 2019, no pet.) (mem. op.) (reversing a default judgment for defective service of process that did not include the identification number and expiration date of the process server's certification).

The cases relied on by Krisu in which minor defects were found not to invalidate service do not involve defects regarding any of the enumerated items specifically required by Rule 107(b). For example, in *Westcliffe, Inc. v. Bear Creek Constru.*, 105 S.W.3d 286, 290 (Tex. App.—Dallas 2003, no pet.), the court found that spelling errors or minor errors that did not raise any doubt that the correct person was served did not invalidate service. A misspelled name was also found to be a minor defect that did not invalidate service. *See Cockrell v. Estevez*, 737 S.W.2d 138, 140 (Tex. App.—San Antonio 1987, no writ). *See also Ortiz v. Avante Villa at Corpus Christi, Inc.*, 926 S.W.2d 608, 613 (Tex. App.— Corpus Christi 1996, writ denied) (finding omission of punctuation and use of "@" instead

---

[6] Interestingly, the clerk's record includes an *Affidavit of Non-Service* on Larry Cole identifying the process server as "Jack Addison, Jr., SCH 1354 Exp. 7/31/2017."

of "at" to be a minor defect); *Williams v. Williams*, 150 S.W.3d 436, 443 (Tex. App.—Austin 2004, pet. denied) (finding omission of opposing party's name to be a minor defect).

Because it is apparent on the face of the record that service of process on Bhakta did not strictly comply with the Rules of Civil Procedure and was therefore fatally defective, Bhakta's first issue is sustained. Our disposition pretermits consideration of his remaining issues.

CONCLUSION

The trial court's default judgment is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Patrick A. Pirtle
Justice