

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00034-CV

## IN THE INTEREST OF E.M.D., A CHILD

**From the 361st District Court
Brazos County, Texas
Trial Court No. 08-002283-CVD-361**

## MEMORANDUM OPINION

Nicole D. appeals from the trial court's order denying her petition for bill of review. We reverse and remand.

### BACKGROUND FACTS

Nicole is the biological mother of E.M.D., and Brittany is E.M.D.'s step-mother. On August 8, 2017, the trial court signed a modified order that appointed Brittany as sole managing conservator of E.M.D. and Nicole as possessory conservator. On August 30, 2018, Nicole filed a petition for bill of review to set aside the August 8, 2017 modified order. The trial court denied the petition for bill of review and made certain modifications to the August 8, 2017 order.

## RECORD

The proceedings in this case were made by audio recording. On April 21, 2020, this Court entered an order seeking a response on the status of the record. In that Order, we noted that there was no recording from a hearing on December 7, 2018, that there were no logs from the hearing held on December 17, 2018, as required by TEX. R. APP P. 13.2, and the appellant's brief did not contain transcripts as required by TEX. R. APP P. 38.5. Appellant filed a response indicating that she was requesting the record from the December 7, 2018 hearing and also requesting the logs as required by Rule 13.2. Appellant stated that she was indigent and could not provide transcripts as required by Rule 38.5. This Court received no further response. No additional recordings were filed and the logs were not filed.

On October 21, 2020, this Court abated the appeal to a trial court to make determinations on the status of the record. Specifically, this Court asked for a determination on the following questions concerning the record:

> 1. Whether there is a record from the pretrial hearing on December 7, 2018 on Respondent's Motion to Quash and the status of providing that record to this Court.
> 2. Whether there are logs from the record of the December 17, 2018 as required by TEX. R. APP. P. 13.2.
> 3. Whether Appellant is indigent and entitled to proceed without payment of costs as detailed in TEX. R. APP. P. 20. If it is determined that Appellant is indigent, will a transcription of the electronic recording relevant to the issues on appeal be provided as required by TEX. R. APP. P. 38.5.

This Court received the audio recording from the December 7, 2018 hearing. However, there were no logs from the December 7 or December 17 hearings. In a supplemental clerk's record, the Family Law Associate Judge for the 361st District Court of Brazos County filed an unsworn declaration. In that declaration she certifies that the audio recording made on December 7, 2018 is a complete and accurate electronic recording and that she was the operator of the audio recording device. She further states that there was "no recorder's log made of the proceeding and that it is the regular course of business of the Family Law Associate Court to not keep a recorder's log of any hearing before this Court." There were also no logs provided for the December 17, 2018 hearing. There was no response to this Court's inquiry on whether Appellant was indigent and whether a transcript would be provided.

Rule 13.2 of the Texas Rules of Appellate Procedure details the duties of a court recorder. The court recorder is required to:

(b) make a detailed, legible log of all proceedings being recorded showing:
  (1) the number and style of the case before the court;
  (2) the name of each person speaking;
  (3) the event being recorded such as the voir dire, the opening statement, direct and cross-examinations, and bench conferences;
  (4) each exhibit offered, admitted, or excluded;
  (5) the time of day of each event; and
  (6) the index number on the recording device showing where each event is recorded;
(c) after a proceeding ends, file with the clerk the original log;

TEX. R. APP. P. 13.2. Rule 34.6 provides that the record in a proceeding recorded electronically includes "certified copies of the logs prepared by the court recorder under Rule 13.2." TEX. R. APP. P. 34.6 (a) (2).

The record before us does not comply with the requirements of Rules 13.2 and 34.6 (a) (2). This Court made reasonable efforts to notify the trial court of the defects and obtain a correct record. *See* TEX. R. APP. P. 37.2. We find that the failure to comply with the rules for making an electronic record was error. *See Westcliffe, Inc. v. Bear Creek Const., Ltd.,* 105 S.W.3d 286, 293(Tex. App. —Dallas 2003, no pet.). We cannot find that the error is harmless. *See* TEX. R. APP. P. 44.1. The record is incomplete without the logs specifying who is speaking and an index identifying each event. The failure to produce the logs was not inadvertent. The trial court stated that it is not the practice of the court to prepare logs as required by Rule 13.2. The trial court did not make a determination if Appellant is indigent and entitled to a transcription of the recordings to present her complaints on appeal. Appellant's brief is not in compliance with Rule 38.5 without the transcription of the recordings for issues relevant to her appeal. Because we find that the incomplete record probably prevented Appellant from presenting her case on appeal, we reverse the trial court's orders and remand the cause so that a proper record can be made of those proceedings.

## CONCLUSION

We reverse the trial court's Order on Petitioner's Bill of Review and the Order in Suit to Modify Parent-Child Relationship and remand to the trial court for proceedings consistent with this opinion.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
     Justice Neill , and
     Justice Johnson
Reverse and remand
Opinion delivered and filed March 10, 2021
[CV06]

